### In re WERTHER.

(Supreme Court, Special Term, Kings County. April 19, 1916.)

1. ELECTIONS ⬯121(2)—PARTY ORGANIZATIONS—COMMITTEEMEN—QUALIFICATIONS.

Under Election Law (Consol. Laws, c. 17) §§ 37, 38, as amended by Laws 1913, c. 820, providing that "each member of a county committee shall be an enrolled voter of the party" and shall serve until election of his successor, one not enrolled at the time of his election as committeeman is not eligible.

[Ed. Note.—For other cases, see Elections, Dec. Dig. ⬯121(2).]

2. ELECTIONS ⬯121(2)—PARTY ORGANIZATIONS—COMMITTEEMEN.

Notwithstanding Election Law, § 55a as added by, and section 125 as amended by, Laws 1913, c. 820, an objection to the eligibility of county committeeman, not raised before, may be raised after, his election.

[Ed. Note.—For other cases, see Elections, Dec. Dig. ⬯121(2).]

Application by Arthur Werther to require the custodians of primary records to issue a certificate of election. Granted.

Samuel Y. Gitlin, of Brooklyn, for petitioner.

Baruch Miller, of Brooklyn, for respondent Allen.

Lamar Hardy, Corp. Counsel, of New York City, and John B. Shanahan, Asst. Corp. Counsel, of Brooklyn, for custodians of primary records.

BENEDICT, J. This is a proceeding under sections 41 and 56 of the Election Law to require the custodians of primary records of the county of Kings to certify and canvass the petitioner's name as member of the Republican county committee from the twenty-eighth election district of the twenty-third assembly district of Kings county. The application is opposed by Joseph Allen, who has been recognized and placed on the roll as the elected member of the county committee for said district, despite the fact that both he and the petitioner, who were the only candidates, received the same number of votes, nine each, at the primary election on April 4, 1916, so that the election resulted in a tie.

[1] The contention of the petitioner is that said Joseph Allen was ineligible for the office of member of the county committee because he was not at the time of the election an enrolled voter of the Republican party. It appears from the answering affidavit that said Allen became of age after the last general election, but on what precise date is not disclosed, and that on April 10, 1916, he caused himself to be specially enrolled by filing a declaration as permitted by section 14b of the Election Law, as added by Laws 1914, c. 244, § 1. It is also alleged that the committee chosen at the said primary election was convened and organized on April 11th.

Section 37 of the Election Law, as amended by Laws 1913, c. 820, provides, among other things, that:

'Each member of a county committee shall be an enrolled voter of the party residing in the assembly district containing the election district in which he is elected."

Mr. Allen was not an enrolled voter at the time of the election, and the question is whether his subsequent enrollment qualifies him to serve. The solution of this question depends upon when the term of the member of a county committee commences. If it commences immediately upon his election, then, in my opinion, the candidate must be eligible for the office at the time of the election. If, on the other hand, it commences at some later time, I shall assume, for the purposes of this proceeding, that a person, although not eligible at the time of the election, may serve if he becomes eligible before his term of office commences. Turning to section 38 of the Election Law, as amended by Laws 1913, c. 820, which applies to both state and county committees, we find a provision that "the members of either committee shall hold office until the election of their successors." From this it would seem necessarily to follow that the term of office of any person elected to a county committee commences at once upon his election, and therefore that, as Allen was ineligible for the office when elected, the votes cast for him were void, and the petitioner is entitled to be declared elected.

[2] I do not find in sections 55a and 125 of the Election Law (Laws 1913, c. 820), any provision preventing this objection from being raised now, because not raised prior to the election by the proceedings permitted by said sections. These conclusions require the granting of the application. It may be observed, in passing, that, even if Allen had been eligible, he would not have been entitled to be seated as a member of the committee, because there was a tie vote, and therefore no election. In such case there is a vacancy to be filled by the remaining members of the committee, as provided in sections 37 and 43 of the Election Law (Laws 1913, c. 820).

Motion granted. Settle order on notice to all parties, including the corporation counsel.