In the Matter of HENRY HART, Petitioner, against DAVID BERGER et al., Respondents.

Supreme Court, Special Term, Nassau County, August 13, 1945.

*Maurice F. Cantor* for petitioner.

*Nathan C. Suskin* for David Berger, respondent.

C. A. JOHNSON, J.   This is an application to disqualify one David Berger from holding office as county committeeman and to restrain the Nassau County Board of Elections from certifying him as having been elected to that office.   At the primary election held July 31, 1945, David Berger was a candidate for the position of member of the county committee of the Democratic party for the Fifth Election District of the City of Long Beach, and received 202 votes of 373 ballots cast.   It is now claimed by the petitioner who was defeated by Berger, that the latter was disqualified, for the reason that he was not an enrolled member of the Democratic party at the time of the election (*Matter of Werther,* 94 Misc. 681).

Under the peculiar circumstances here existing, the question is whether Berger has, by some unequivocal act of his, substantially in compliance with section 171 of the Election Law clearly evinced his intention to enroll as a member of the Democratic party, so that the court can find him to be such a member and therefore qualified to hold the office.

The enrollment book shows Berger's enrollment as blank. This is understandable upon an inspection of the original enrollment blank, which to ordinary observation appears unmarked, but upon careful scrutiny in some lights and at certain angles, reveals a cross, impressed rather than marked, within the circle under the Democratic party emblem.

The respondent Berger states that he marked the blank with a pencil furnished him by the Election Board, folded the ballot and returned it to the clerk.   Experts have been called by both sides, and the blank has been photographed, examined by microscope, and subjected to ultraviolet and infrared rays.   All the experts are agreed that no graphite from a lead pencil is now discernible on the blank, and that there is no physical evidence whatever of any erasure.   As to the nature or origin of the impression now appearing, there is speculation, but no proof, nor any positive expression of opinion, to which I am prepared to subscribe.

Assuming that the impression was placed there by Berger, I am of the opinion that it fails to comply with section 171 of the Election Law.   While the provisions of that section are directory rather than mandatory that the ballot be marked with

a pencil containing black lead, an impression or imprint as faint and indistinct in character as that upon this ballot is not a sufficient indication of an intent on the voter's part to enroll as a party member. Any other holding would evade the purpose of the statute, which primarily seeks a clear expression of intent on the part of the voter.

The application is therefore granted. The blank in question is impounded and will remain in the custody of the clerk of the court. Submit order.