In the Matter of the Application of WILLIAM E. SLEVIN,
Appellant, to Review the Action of the Inspectors of
Primary Election Districts, Constituting the Eighth Munici-
pal Court Judicial District, etc., Respondents.

First Department, October 24, 1917.

**Elections — application to review action of inspectors of primary
election — examination of ballots — marks invalidating ballots.**

Ballots are void where erasures appear upon the face thereof.

Where a voter places the figure 2 in the voting square before the name of a
candidate numbered 20, and then superimposes a cross mark upon it,
the ballot is void.

A ballot which contains an extra cross mark outside of the voting square
and not in front of the name of any candidate is void.

A ballot containing the figure 4 in the voting space so numbered, and a
cross mark superimposed thereon, and also containing a hair line or
involuntary mark in another voting space, is void.

A ballot containing an ink mark on the border thereof which might have been
placed there in the process of counting and canvassing should not be
declared void where it does not appear that the voter himself placed said
mark upon the ballot.

A ballot containing a solid black diamond mark in the voting square is void.

A ballot having a curved horizontal mark in the voting space in front of
the name of the candidate is void.

A half cross in a voting square invalidates a ballot.

A short line in one voting space, probably the commencement of a cross
mark, invalidates the ballot, although the voter made a proper mark in
another space.

A ballot having a smudge opposite a voting space, which may be inter-
preted to be a thumb mark, the cross mark in front of the candidate's
name being left firm and clear, and the smudge being to the left of said
mark and not interfering with it, is not void.

APPEAL by the petitioner, William E. Slevin, from an order
of the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New
York, denying his application that he be declared the nominee
of the Democratic party at the primary election, held
September 19, 1917, for the office of justice of the Municipal
Court of the City of New York, Eighth District, after a
recount.

*Denis O'L. Cohalan,* for the petitioner.

*Charles Firestone,* for the respondent Leopold Prince.

CLARKE, P. J.:

The recount ordered by this court having been had, it was stipulated between the parties that 1,517 ballots were good and valid ballots for the candidate Prince; and 1,522 were good and valid ballots for the candidate Slevin. Of the remaining ballots cast at the election, 177 were submitted to the court at Special Term, of which 96, cast and counted for Prince, were objected to by Slevin; and 81 cast and counted for Slevin were objected to by Prince. We have carefully examined all of the 177 ballots which are the subject of controversy.

By the order appealed from it was determined that the ballots marked as Exhibits Nos. 1 to 46, inclusive, were good and valid ballots and should be counted for the candidate Leopold Prince. Of these, Nos. 7, 8, 9, 10, 12, 15, 16, 20, 21, 22, 23, 24, 26, 27, 31, 34, 35, 36, 37, 38, 39 and 46, are void for erasures appearing upon the face thereof. No. 18 is void because the voter placed the figure 2 in the voting square before the name of the candidate numbered 20, and then superimposed a cross mark upon it. (*Matter of Garvin,* 168 App. Div. 218.) No. 41 is void because of an extra cross mark made outside of the voting square No. 4, and not in front of the name of any candidate. In ballot No. 43 the voter apparently made the figure 4 in the voting space numbered 4, and superimposed a cross mark thereon. Also, on the same ballot, in the voting space numbered 30, there is a mark which is not a cross mark and may be considered a hair line or involuntary mark, which in *Matter of Garvin* (*supra*) this court held not to invalidate the ballot. I am inclined to think that this ballot is bad.

It was also determined by the order appealed from that the ballots marked as Exhibits Nos. 72 to 121, inclusive, were defective and illegal ballots and should not be counted for said candidate Leopold Prince.

Of these, Nos. 99 and 117 are good ballots. No. 97 has an ink mark on the border of the ballot, which might have got upon said ballot in the process of counting and canvassing.

I am inclined to think that this should not be declared void, as it does not appear that the voter himself placed said mark upon the ballot. These three should, therefore, be added to Mr. Prince's total.

The result as to said candidate Prince thus stands as follows: Uncontested ballots, 1,517; of the 46 held good at Special Term, there should be counted for said candidate 21; and out of the rejected Prince ballots (Nos. 72–121) add the three above referred to, 3; making the total for said candidate Prince, 1,541.

The order appealed from also determined that ballots marked as Exhibits Nos. 47 to 71, inclusive, were good and valid ballots and should be counted for the candidate William E. Slevin.

Of these, Nos. 50, 52, 54, 55, 56, 60, 63, 64, 65 and 67 are plainly void because of erasures appearing upon the face thereof. No. 70 is void because of an improper mark consisting of a solid black diamond in the voting square No. 3. No. 59 has a curved horizontal mark in voting space No. 31, in front of the name of Cornelius Kelly, which in my opinion invalidates the ballot. No. 66 has a half cross in voting square No. 4, which invalidates the ballot. In No. 68 there is a short line in the voting space No. 25, which was probably the commencement of a cross mark, but the voter thought better of it and made his voting mark in the space No. 26. This is void. In No. 69 there is a similar mark to the one considered in regard to No. 68, in the voting space No. 30, and is void for the reason stated as to No. 68.

The order further determines that Exhibits Nos. 122 to 177, inclusive, were defective and illegal ballots and should not be counted for the candidate William E. Slevin. We concur with the disposition of these ballots made by the learned Special Term, except as to No. 151, which has a smudge opposite voting space No. 3, and which the Special Term evidently interpreted to be an attempted erasure. My opinion in regard to this is that it might be interpreted to be a thumb mark, because the cross mark in front of the candidate's name is left firm and clear and the smudge is to the left of said mark and does not interfere with it. It is such a mark as a soiled and perspiring or wet thumb might easily make. I am inclined to allow this ballot to Mr. Slevin.

The result as to said candidate Slevin will thus stand as follows: Uncontested ballots, 1,522; of the 25 held good at Special Term (Nos. 47–71) 10 are void for erasures, and 5 are void on the other grounds stated; leaving to be counted for said candidate 10; and out of the rejected Slevin ballots (Nos. 122–177) add the one (No. 151) above referred to, 1; making the total for said candidate Slevin, 1,533.

The order appealed from is, therefore, modified in accordance with this opinion, and as so modified affirmed.

SCOTT, SMITH, DAVIS and SHEARN, JJ., concurred.

Order modified in accordance with opinion, and as so modified affirmed.