In* the Matter of the Application of HARRY FERGESON for a Judicial Investigation of Ballots.

Supreme Court, Herkimer County, December 24, 1925.

Elections — ballots — proceeding to review protested ballots — board of canvassers properly rejected ballots on which there were erasures — ballot invalid in absence of X mark in voting square before candidate's name — ballots on which voters wrote in name of candidates in wrong place for short term but placed X mark in proper place for full term not invalid as vote for office for full term.

In a proceeding to review protested ballots cast at the election for the office of supervisor in the town of Norway, Herkimer county, at the general election in 1925, one ballot submitted upon the review marked otherwise than by an X mark in the square to the left of the name of one of the candidates, and another ballot containing an erasure in the voting square to the left of the name of the other candidate, were properly rejected by the board of canvassers.

A ballot upon which a voter wrote the name of one of the candidates in two places and then made an X mark in the proper place in the voting square in front of the candidate's name, should be counted, since the intent of the voter is plain and it was expressed within statutory permission. But a ballot upon which the name of the candidate was written in two places and then in one place erased, must be rejected pursuant to section 219 of the Election Law.

A ballot upon which the name of one of the candidates was written in the wrong place for the vacancy but an X mark was properly placed in the voting square at the left of the same candidate's name for the long term, there being a long term and short term for supervisor voted for at the election, is properly marked and should have been counted for said candidate, together with two other ballots in which the same candidate's name was written in the wrong place for the short term, but where the X mark appears in the square at the left of his name for the full term.

Ballots upon which voters had written in the name of one of the candidates and made an erasure thereon must be rejected under section 219 of the Election Law, as well as a ballot on which the X marks were not in the voting squares at the left of the candidates' names, but were at the right of and after their names.

PROCEEDING to review protested ballots.

*Gardinier & Gardinier,* for the petitioner.

*Fred J. O'Donnell,* for the respondent.

DEVENDORF, J.  The petitioner Harry Fergeson was the candidate of the Democratic party and the respondent William Agne that of the Republican party for the office of supervisor in the town of Norway, Herkimer county, at the general election November 3, 1925.

The canvass as returned by the inspectors of election gave Agne ninety-nine and Fergeson ninety-one votes.  There were twelve protested ballots which were not counted and were returned pursuant to statute.  It is to review these ballots and have them counted that Mr. Fergeson brings this proceeding.

There was a short and full term for supervisor voted for at this election.  Mr. Agne had been nominated for both offices by his party whereas Mr. Fergeson had been placed on the ticket for the long term only and the short term was left blank.  It appears that some of the voters wrote Mr. Fergeson's name in the ballot in the effort to elect him in that manner for the short term.  This was responsible for some of the errors of the voters and trouble later at the count.

The Election Law of 1922 (§ 219) says: " The whole ballot is void if the voter  *  *  *  makes any erasure thereon or makes any mark thereon  *  *  *  other than a cross X mark in a voting square or circle, or other than the writing in of a name for the purpose of voting  *  *  *." An erasure is the obliteration of words, marks or figures from a written instrument by rubbing, scraping or scratching them out.  Also the place in a document or paper where a word, mark or figure has been so removed.  (21 C. J. 818.)

I will take up the questioned ballots in their order as they were received in evidence and inspected.

Of the twelve protested ballots two of the voters evidently attempted to vote for Agne (Exhibits 3 and 4).  They fell short of that, however, as there was marking otherwise than by an X mark in the square to the left of Agne's name in one and although there was an X mark in the voting space preceding Agne's name there was an erasure in the voting square to the left of Fergeson's name in the other.  The board I believe was correct in rejecting both.

In Exhibit 5 the voter wrote Fergeson's name in two places, evidently for the purpose of making sure he was voting for him for the short term.  The X mark was in the proper place in the voting square to the left of Fergeson's name for the full term.

The intent of the voter is plain and it was expressed within statutory permission and the vote should be counted.

In Exhibit 6 Fergeson's name was written in two places and one of them erased. Therefore, this ballot must be rejected. (Election Law of 1922, § 219.)

In Exhibit 7 Fergeson's name was written in at the wrong place for the vacancy but an X mark was properly placed in the voting square at the left of his name for the long term. I think this ballot should have been counted for him. The same rule may be applied to Exhibits 9 and 10 as in each his name was written in the wrong place for the short term but the voter had properly voted for him by the X mark in the square at the left of his name for the full term.

Exhibit 10 must be rejected as the voter had written in Fergeson's name and made an erasure thereon. (Election Law of 1922, § 219.)

In Exhibit 11 the X marks were not in the voting squares at the left but were at the right and after the names. This ballot must be rejected as there was no vote cast.

Exhibit 12 is also void because there was an erasure of the name written thereon.

Exhibit 13 is also to be rejected because Fergeson's name was written in twice and one of them erased.

Exhibit 14 may be counted for Fergeson as the only defect therein is that his name was written for the short term in the wrong place but the X mark was in the voting square at the left of his name for the full term.

The result, therefore, is as follows: The so-called Agne ballots, Exhibits 3 and 4, cannot be counted for the reasons above stated. Neither can the four ballots, Exhibits 6, 10, 12 and 13, claimed for Fergeson, because each contains an erasure. This invalidates them. (Election Law of 1922, § 219; *Matter of Slevin,* 179 App. Div. 618; *Matter of Garvin,* 168 id. 218.) An attempt to obliterate a voting mark or name destroys the ballot. (*People ex rel. Feeny* v. *Board of Canvassers,* 156 N. Y. 36; *People ex rel. Pierce* v. *Parkhurst,* 24 Misc. 442.) As to Exhibit 11 it also must fall for the reason that there is no X mark in the voting square or space before Fergeson's name. There is one, however, following his name and well near the center of the ballot. This is not a legal vote for any one. (Election Law of 1922, §§ 105, 219; *People ex rel. Feeny* v. *Board of Canvassers, supra; People ex rel. Pierce* v. *Parkhurst; supra.*)

The other five ballots, Exhibits 5, 7, 9, 10 and 14, should be counted for Fergeson. The name for the short term or vacancy in each was written in the wrong place but this did not invalidate

the vote for the supervisor full term. The only Fergeson ballots rejected, with one exception (that with the X mark following the name) are those containing erasures. Clearly these ballots fall within the lines of the definition hereinbefore given.

The board of canvassers will convene and recanvass the vote accordingly.