In the Matter of PETER J. DEVINE, Appellant, against JACOB W. OSMANN, Respondent, Impleaded with Others.

Argued October 7, 1937; decided October 8, 1937.

*J. Irwin Shapiro* and *Abraham Schlissel* for appellant. The Special Term had power to make and was justified in making the order directing a recount of the ballots. (*Matter of Holley,* 268 N. Y. 484.)

*Samuel Brenner* and *Samuel Weiss* for respondent. The moving papers are wholly deficient to warrant the granting of any of the relief which the appellant sought.

The determination by the Appellate Division was, therefore, correct. (*Matter of Dolen*, 225 App. Div. 78; *People ex rel. Watkins* v. *Board of Canvassers*, 25 Misc. Rep. 444; *People ex rel. McCourt* v. *Whalen*, 199 App. Div. 861; *Matter of Whitman*, 225 N. Y. 1; *People ex rel. Larkin* v. *Palmer*, 27 Misc. Rep. 569; 163 N. Y. 201; *Matter of Coughlin*, 137 App. Div. 283; 198 N. Y. 613; *People* v. *Cook*, 8 N. Y. 67; *People ex rel. May* v. *Strang*, 137 App. Div. 848; *People ex rel. McLaughlin* v. *Ammenwerth*, 135 App. Div. 893; 197 N. Y. 340; *Matter of Friedman*, 239 App. Div. 146.)

*Per Curiam.* The Appellate Division for the second judicial department has reversed on the law an order of the Special Term of the Supreme Court for Nassau county which directed, among other things, that the duly constituted election officials should make a correct determination of the number of protested, void and blank ballots cast in the primary of the Democratic party for the nomination of a candidate for the office of Supervisor to be voted for at the general election to be held on November 2, 1937, to open the ballot boxes, to separate, designate and segregate the protested, void and blank ballots from the valid votes cast as required by law, to recanvass and recount the votes cast and to correct the returns thereof.

There are nine election districts in the city of Long Beach, Nassau county, where the primary was held. It appears that there were received by the inspectors of election in the nine election districts in that city and counted and tallied by them as valid ballots, 963 for the petitioner, 967 for Jacob W. Osmann and 896 for Robert C. O'Grady. Thus there were 2,826 ballots counted as valid. It does not appear how many electors voted or attempted to vote at the primary. There is a record of 44 void ballots in the sealed envelopes returned by the inspectors of election of the various districts while the official tally sheets indicate that there were 62 void

ballots. Inscriptions on the sealed envelopes show that they contain 147 protested ballots while no reference thereto is made on the tally sheets. The tally sheets indicate that 377 blank ballots were cast. Evidence is presented that protested and void ballots were counted as valid and deposited in the ballot boxes with the valid ballots and that there were other serious irregularities in connection with the canvass and returns by the election inspectors of the votes cast. It appeared that the irregularities were such as to render it impossible to make a determination as to who was rightfully nominated.

In *Matter of Holley* (268 N. Y. 484) we called attention to the limitation and extent of the powers of the court or a justice thereof within the judicial district to make an order such as the one here presented under subdivision 2 of section 330 of the Election Law (Cons. Laws, ch. 17). We said that, as to matters covered by that section, the power is plenary. The court exercised its power within the field covered by the provisions of that section. It exercised its discretion as above indicated upon evidence sufficient to warrant its exercise. Upon the facts shown by the petition and the moving affidavits, a determination of who was rightfully nominated is neither impracticable nor impossible and the order was not illegally granted as matter of law. (*Matter of Holley, supra.*)

The order of the Appellate Division should be reversed and that of the Special Term affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.