In the Matter of the Application of PETER J. DEVINE, Petitioner, against JACOB W. OSMANN, Respondent, Impleaded with JOSEPH P. McCLOSKEY and PHILIP N. KRUG, as Commissioners of Election, etc.*

Supreme Court, Special Term, Queens County, October 18, 1937.

*Modfd. and affd., 252 App. Div. 788; affd., 275 N. Y. 639.

*Shapiro & Schlissel* [*J. Irwin Shapiro* of counsel], for the petitioner.

*Samuel Weiss*, for the respondent, Osmann.

HALLINAN, J. Heretofore the petitioner, Peter J. Devine, moved before me for the recount and recanvass of the ballots cast in the primary election held in the city of Long Beach, county of Nassau, on the 16th day of September, 1937, for the nomination for Demo-

cratic candidate for the office of supervisor, wherein the petitioner was defeated by four votes. That motion was granted (N. Y. L. J., Oct. 1, 1937). The Appellate Division of this Department reversed the order entered thereon (252 App. Div. 756). The Court of Appeals reversed the Appellate Division and affirmed the order of Special Term (275 N. Y. 423).

A recanvass, recount and retally of the votes cast for the office involved herein was accordingly held by the board of elections of the county of Nassau on the 11th and 12th days of October, 1937, with the following result:

|  | Votes |
|---|---|
| Jacob W. Osmann | 954 |
| Robert C. O'Grady | 887 |
| Peter J. Devine | 967 |
| Scatter vote | 4 |
| Blank ballots | 344 |
| Void ballots | 130 |

The order under which the recount, recanvass and retally was held, directed, among other things, that any objections taken by either party to any determination of the board of elections of the county of Nassau in connection with the recanvass, recount and retally of the votes cast, in so far as any such ruling might affect any ballot or ballots, or any other question which might arise in connection therewith, should be heard before me at Special Term.

On the 14th day of October, 1937, at two P. M., counsel for the petitioner, Devine, counsel for the impleaded respondent, Osmann, and a representative of the board of elections of the county of Nassau, appeared before me, at which time the ballots as to which objections had been pressed by either side, whether determined by the canvassers in favor of either candidate, or tabulated as void, were opened in the court room. Oral argument was had with respect to each of such ballots. Some were conceded to be void by both sides and were returned to the representative of the board of elections. Others, 117 in number, were left with the court for determination after each had been marked in evidence and given separate exhibit numbers.

The ballots involved herein were segregated at the hearing under their respective election districts. Though many of the alleged infirmities of the ballots could be discussed under a single heading, the segregation will be continued in the discussion, to avoid any confusion, particularly since some ballots bear protests as to other offices.

*I. First Election District, Number of Ballots Involved, 9.*

(a) *Exhibits 1, 2 and 3* are ballots marked void by the board of elections and objected to by candidate Osmann. They have obliterated crosses in the voting squares in front of the names of either one or two of the candidates for the office of supervisor, although there are proper crosses in the voting space in front of the name of candidate Osmann. Under the exception to rule 1 of section 219 of the Election Law, the ballot is blank as to the office in question, in connection with which such marks were made.

(b) *Exhibit 4* is a ballot counted for candidate Osmann by the board of elections and objected to by candidate Devine. The upper right-hand stroke of the cross in the voting square of candidate Osmann extends slightly beyond the line and appears to have an indentation as if made by a thumb-nail, causing the part beyond the line to become smudged. From the appearance it seems that this mark was made in the handling of the ballot, rather than by the voter, and for that reason the board of elections properly counted the ballot for candidate Osmann.

(c) *Exhibit 5* is a ballot counted for candidate Devine by the board of elections and objected to by candidate Osmann. There is an erasure in front of candidate Osmann's name, which in my opinion renders the ballot blank as to the office of supervisor under the exception to rule 1 of section 219 of the Election Law. The board, therefore, erred in counting this ballot for candidate Devine.

(d) *Exhibit 6* is a ballot counted for candidate Devine by the board of elections and objected to by candidate Osmann.

*Exhibit 7* is a ballot counted for candidate Osmann by the board of elections and objected to by candidate Devine. Both have slight tears at the bottom which do not vitiate the ballots. The tears appear to have been accidentally made. Moreover, there is no presumption that a ballot was torn by the voter. (*People ex rel. Colne* v. *Smith*, 188 App. Div. 834.)

(e) *Exhibits 8 and 9* were marked void by the board. The former bears a cross following the name of candidate Devine and the latter a cross following the name of candidate Osmann. Neither has a cross in the voting space. I am of opinion that they were properly not counted by the board, as under rule 2 of section 219 of the Election Law a cross-mark is a vote for a candidate where it is placed by the voter in the voting square at the left of the candidate's name. (*Matter of Fergeson*, 126 Misc. 286.)

*II. Second Election District, Number of Ballots Involved, 7.*

(a) *Exhibit 10* is a ballot marked void by the board of elections over the objection of candidate Osmann. The ballot is mutilated,

having been torn vertically into three parts. The ruling of the board is accordingly sustained.

(b) *Exhibit 11* was not counted by the board, over the objection of candidate Osmann. The stub bearing the number of the ballot has not been removed therefrom as required by subdivision 2 of section 208 of the Election Law. What further identification can there be for a ballot than the stub containing the ballot number? The ruling of the board is accordingly sustained.

(c) *Exhibit 12* is a ballot counted by the board for candidate Devine, over the objection of candidate Osmann. It contains in the voting square of one of the candidates for members of the county committee, a hole about one-eighth of an inch in diameter, which in my opinion is an identification mark and invalidates the ballot. The objection of candidate Osmann is, therefore, sustained.

*Exhibit 13* is a ballot counted by the board for candidate Osmann, over the objection of candidate Devine. This ballot contains a small hole in one of the spaces of the candidates for county committee, which in my opinion identifies the ballot and renders it invalid. For that reason the objection of candidate Devine is sustained.

(d) *Exhibit 14* was not counted by the board over the objection of candidate Devine. The cross follows the name of candidate Devine and is not in the voting space to the left of it. For the reasons stated in paragraph I, (e), *supra,* this ballot was properly not counted.

(e) *Exhibit 15* is a ballot marked void by the board, over the objection of candidate Devine. It contains obliterated crosses in front of two of the candidates for the office of supervisor and a proper voting mark in front of the name of candidate O'Grady. For the reasons stated in paragraph I, (a), *supra,* the ruling of the board is sustained.

(f) *Exhibit 16* was not counted by the board of elections, over the objection of candidate Devine. It has an obliterated cross in the voting square at the left of candidate O'Grady's name, and for the reasons stated in paragraph I, (a), *supra,* the ruling of the board is sustained.

*III. Third Election District, Number of Ballots Involved, 9.*

(a) *Exhibit 17* is a ballot which was not counted by the board of elections over the objection of candidate Osmann. The mark appearing in the voting square in front of said candidate's name consists of three strokes which appear to have resulted from the voter attempting to run the pencil back and forth over a line with a view of making it distinct. Similar crosses appear in other voting

spaces in this ballot. I am of opinion that the ballot should have been counted for candidate Osmann. (*Matter of Fallon,* 135 App. Div. 195.)

(b) *Exhibit 18* was properly not counted by the board of elections, over the objection of candidate Devine. Obliterated crosses in the voting spaces in front of the names of the two other candidates for supervisor vitiate the proper voting mark for candidate Devine for the reasons stated in paragraph I, (a), *supra.*

(c) *Exhibit 19* was properly not counted by the board of elections, over the objection of candidate Osmann. The voter wrote in the name " Jacob Osmann " in the blank space. A written-in vote, under rule 3 of section 219 of the Election Law, may be counted for an office only where the candidate's name is not printed under the title of the office or position. Here, candidate Osmann's name was printed and was not marked by a proper voting mark in the square.

(d) *Exhibit 20* was properly not counted by the board of elections, over the objection of candidate Osmann. No voting mark appears in the voting square in front of his name. The cross following his name is not an authorized voting mark for the reasons stated in paragraph I, (e), *supra.*

(e) *Exhibit 21* was properly counted by the board of elections, over the objection of candidate Osmann. The joining of the strokes of the cross by a light line does not vitiate the vote. It appears to have been made in several places and was the result of hurried strokes of the pencil without lifting it.

(f) *Exhibit 22* was properly counted by the board of elections, over the objection of candidate Osmann. It appears that the pencil penetrated the ballot when the voting cross was made. This does not invalidate the vote. (*People ex rel. Karns* v. *Porter,* 176 App. Div. 330.)

(g) *Exhibit 23* was properly counted by the board of elections, over the objection of candidate Osmann. It appears that the voter, in making one of the strokes of the cross, ran the pencil back and forth over the line. This did not vitiate the vote for the reasons stated in paragraph III, (a), *supra.*

(h) *Exhibit 24* was properly counted by the board of elections, over the objection of candidate Osmann. The obliteration of the voting sign in the straight party circle above the candidates for county committee does not vitiate a proper voting mark for the office of supervisor, for the reasons stated in paragraph I, (a), *supra.*

*Exhibit 25* was properly counted by the board of elections, over the objection of candidate Devine. The obliteration by a pencil

mark of the name of one of the candidates for county committee does not vitiate the proper voting sign in the voting square of candidate Osmann.

## IV. Fourth Election District, Number of Ballots Involved, 16.

(a) *Exhibits 26 and 27* were properly not counted by the board of elections for candidate Osmann. A check mark is not a voting mark authorized by rule 2 of section 219 of the Election Law. (See *Matter of O'Callaghan*, [1933] 46 State Dept. Rep. 73.)

(b) *Exhibits 28 and 30* were properly not counted by the board of elections for candidate Osmann since there were no voting marks in the voting square in front of his name. The cross following his name cannot be counted for the reasons stated in paragraph I, (e), *supra.*

(c) *Exhibit 29* was properly not counted by the board of elections for candidate Osmann since the stub containing the identifying number had not been removed. (See paragraph II, (b), *supra.*)

(d) *Exhibit 31* was properly counted by the board of elections for candidate Osmann. The running of the pencil back and forth over the cross-mark does not vitiate the vote. (See paragraph III, (a), *supra.*)

(e) *Exhibit 32* was a vote counted by the board of elections for candidate Osmann. In the space under the office of " City Treasurer " the voter wrote the name " Hittler." Whatever the motive of the voter might have been in writing in this name, it is certain that this name serves to identify him no less than many of the marks which the courts have in the past held to be identifying marks. For this reason I believe that the ballot should have been voided.

(f) *Exhibits 33, 36, 37 and 38* were ballots counted by the board of elections for candidate Devine. In each of them either smudges, erasures or obliterations occur with reference to candidates for other offices. The square in front of the name of candidate Devine, however, is properly marked in each instance. For the reasons stated in paragraph I, (a), *supra*, these ballots were properly counted.

(g) *Exhibit 34* was properly not counted for candidate Osmann since a cross in the voting space of candidate Devine had been obliterated. (See paragraphs I, (a), and III, (b), *supra.*)

*Exhibit 35* has erasures in the voting box of candidates Osmann and O'Grady. This also vitiates the vote for candidate Devine. The board improperly counted this ballot for candidate Devine.

(h) *Exhibit 39* was properly counted for candidate Devine. The running back and forth of the pencil over the lines crossing

each other does not vitiate the vote. (See paragraph III, (a), *supra*.)

(i) *Exhibit 40* was properly not counted by the board for candidate Osmann. In addition to the cross in the voting space there is a cross following this candidate's name. This was properly not counted. (See *Matter of Brown*, per DALY, J., N. Y. L. J. Sept. 24, 1937, p. 816.)

(j) *Exhibit 41* was properly not counted for candidate Devine since the check mark in the voting space in front of his name is not the statutory voting mark. (See paragraph IV, (a), *supra*.)

### V. *Fifth Election District, Number of Ballots Involved, 12.*

(a) *Exhibits 42 and 46* were ballots counted by the board of elections for candidate Devine. The slight tears at the left of the ballot do not vitiate the vote for candidate Devine. (See paragraph I, (d), *supra*.)

(b) *Exhibits 43 and 44* were ballots not counted by the board of elections for candidate Osmann. There are crosses following his name, but not in the voting square at the left of his name. For the reasons stated in paragraph I, (e), *supra*, the ruling of the board is sustained.

(c) *Exhibit 45* was counted for candidate Devine. It contains a slight dot in the voting space of candidate O'Grady which appears to have been inadvertently made by resting the pencil thereon. It is not and could not be a distinguishing mark sufficient to invalidate the ballot. The ruling of the board is, therefore, sustained.

(d) *Exhibits 47 and 48* were ballots properly not counted for candidate Devine. There are no crosses in the voting square to the left of his name. The crosses to the right of his name are not statutory voting marks. (See paragraph I, (e), *supra*.)

(e) *Exhibit 49* was a ballot properly counted for candidate Devine. The erasures in the boxes for councilmen do not vitiate the ballot properly marked in front of the name of candidate Devine. (See paragraph I, (a), *supra*.)

(f) *Exhibit 50* was a ballot properly not counted for candidate Devine since a check mark is not a proper voting mark. (See paragraph IV, (a), *supra*.)

(g) *Exhibit 51* was a ballot properly counted for candidate Osmann. The obliteration of the straight ticket circle for the office of county committee does not vitiate a proper vote for this candidate. The cross in front of his name, though containing three lines, is not sufficient to identify, since it appears to have been inadvertently made. (See paragraph I, (a), *supra; Matter of Flanagan*, 158 Misc. 295.)

(h) *Exhibit 52* was properly counted for candidate Osmann. The erasure in the county committee straight ticket circle does not vitiate a proper vote for this candidate. (See paragraph I, (a), *supra; Matter of Flanagan*, 158 Misc. 295.)

(i) *Exhibit 53* was properly not counted for candidate Osmann. The erasure of the cross in the voting square at the left of candidate O'Grady's name vitiates the vote for candidate Osmann. (See paragraph, I, (a), *supra.*)

*VI. Sixth Election District, Number of Ballots Involved, 13.*

(a) *Exhibits 54, 55, 63 and 64* were ballots which, in my opinion, were properly counted for candidate Devine. They contain either obliterations or erasures or improper voting marks with respect to offices other than that of supervisor, and do not destroy the proper voting mark in the proper voting space at the left of candidate Devine's name. (See paragraph I, (a), *supra.*)

(b) *Exhibit 56* was a ballot properly counted for candidate Osmann. The voting mark in the voting space at the left of his name consists of a check mark crossed over. I do not believe this vitiates the vote. There is no question of identification involved, as the voter appears to have made similar marks with respect to other offices. (See paragraph I, (a), *supra.*)

(c) *Exhibit 57* was properly counted for candidate Osmann. The obliteration of a cross with respect to another office does not affect a proper voting mark for the office involved. (See paragraph I, (a), *supra.*)

(d) *Exhibit 58* was properly not counted for candidate Osmann since the only cross appears after his name and not in the voting square.

(e) *Exhibit 59* was properly counted for candidate Devine. After voting for one of the candidates for the office of mayor, the voter appears to have accidentally made a stroke of a cross for the other candidate. This does not invalidate the ballot so far as candidate Devine is concerned.

(f) *Exhibit 60* was properly counted for candidate Osmann. The improper voting marks consist of long crosses through all of the voting squares at the left of the names for the delegates and alternates to the judicial convention and do not, in my opinion, vitiate a proper voting mark for candidate Osmann.

(g) *Exhibit 61* was counted by the board for candidate Osmann. Although the voting marks with respect to all offices were marked in pencil, a certain name was written in, in ink, for the offices of both tax assessor and city treasurer. I believe the writing in of

this name in ink, particularly since the voter used pencil with respect to the rest of the ballot, identifies that ballot and renders it void for all offices.

(h) *Exhibit 62* was in my opinion improperly counted for candidate Devine. All of the voting crosses have circles around them within the voting squares, and in my opinion identifies the voter sufficiently to vitiate the ballot.

(i) *Exhibits 65 and 66* were ballots properly not counted for candidate Devine. They bear cross-marks after his name and not in the voting square.

*VII. Seventh Election District, Number of Ballots Involved, 19.*

(a) *Exhibit 67* was properly not counted for candidate Devine since the cross-mark follows his name and is not in the voting square.

(b) *Exhibit 68* was properly not counted for candidate Devine. The presence of an obliterated cross-mark before candidate Osmann's name vitiates this vote.

(c) *Exhibit 69* was properly not counted for candidate Osmann. Not alone is there an erased cross-mark in front of the name of O'Grady, who was a candidate for the same office, but the stub bearing the identifying number is attached to the ballot.

(d) *Exhibit 70* was properly not counted for candidate Osmann, since the eradicated crosses in front of the names of the two other candidates for the office of supervisor vitiate the vote for this candidate, even though the cross-mark was properly made.

(e) *Exhibit 71* was properly not counted for candidate Osmann. The figure " 3 " with a circle around it, appearing in one of the columns, identifies the voter.

(f) *Exhibits 72, 73, 74, 75, 76, 77, 78, 79 and 80* were ballots properly counted for candidate Devine. There is nothing on these ballots which should vitiate the votes for this candidate. The ink spots in the space of the county committee in Exhibit 75 appear to have been accidentally made from an over-filled pen in the process of counting and canvassing. (*Matter of Slevin*, 179 App. Div. 618.) The going over of the cross in Exhibit 80, the light accidental pencil mark in the blank space of Exhibit 79, the light pencil mark in Exhibit 78, the light pencil mark in Exhibit 77, the accidental joining of the cross in Exhibit 76, the light pencil mark in Exhibit 74, the light pencil mark in Exhibit 73, and the improper voting mark as to county committee and councilmen in Exhibit 72, do not in my opinion vitiate the proper voting marks for candidate Devine.

(g) *Exhibit 81* was in my opinion improperly counted for candidate Devine. The erasure of a cross in the box of candidate O'Grady for the same office vitiates the vote for candidate Devine.

(h) *Exhibits 82, 83, 84 and 85* were properly counted for candidate Osmann. Smudges or imperfections or slight lines on the ballots do not vitiate a proper voting mark for this candidate.

*VIII. Eighth Election District, Number of Ballots Involved, 13.*

(a) *Exhibit 86* was properly not counted for candidate Devine since a cross-mark following his name, and not in the voting square, is improper.

(b) *Exhibit 87* was properly not counted for candidate Osmann since a check mark is not a statutory voting mark.

(c) *Exhibit 88* was properly not counted for candidate Osmann since there is an obliteration of a cross in the square in front of candidate O'Grady's name.

(d) *Exhibits 89, 90, 91, 92 and 93* were properly not counted for candidate Osmann since there are no crosses in the voting squares at the left of his name, although there are crosses in the space to the right of his name. (See paragraph I, (e), *supra.*)

(e) *Exhibits 94, 95, 96 and 98* were properly counted for candidate Devine. Erasures as to other offices, or inartistic crosses or improper voting marks as to other offices, do not vitiate a proper voting mark for this candidate.

(f) *Exhibit 97* was properly counted for candidate Osmann. The crossing off of the name of one of the candidates for mayor does not vitiate this ballot.

*IX. Ninth Election District, Number of Ballots Involved, 19.*

(a) *Exhibit 99* was properly not counted for any candidate. The cross appearing on the line between the voting spaces for candidates O'Grady and Devine is a vote for neither, since it is impossible to ascertain which was intended.

(b) *Exhibit 100* was improperly counted for candidate Devine. The erasure of a cross in the square for candidate O'Grady vitiates the vote for the competing candidate.

(c) *Exhibit 101* was properly counted for candidate Osmann. There is nothing on the ballot to vitiate this vote.

(d) *Exhibit 102* was not counted by the board for any of the parties, the decision being left to the court. I believe that the vote should be counted for candidate Osmann as the tear on the ballot is in my opinion accidental. There is no presumption that a ballot was torn by a voter. (*People ex rel. Colne* v. *Smith,* 188 App. Div. 834.)

(e) *Exhibit 103* was properly not counted for candidate Osmann since the cross appears after his name and not in the voting square.

*Exhibit 104* was properly not counted for candidate Devine for the same reason.

(f) *Exhibit 105* was properly not counted for candidate Devine since there is an obliteration of the cross for another candidate for the same office.

(g) *Exhibit 106* was improperly counted for candidate Osmann. There is a hole in the center of the ballot where the names of the delegates to the judicial convention are printed. I believe this sufficiently identifies the ballot to void it. (See paragraph II, (c), *supra.*)

(h) *Exhibits 107, 108 and 109* were properly counted for candidate Osmann. Smudges, obliterations, erasures or improper voting marks as to other offices do not vitiate a good voting mark for this candidate.

(i) *Exhibits 110, 111, 114, 115, 116 and 117* were properly counted for candidate Devine. Erasures and obliterations as to other offices, and a slight accidental pencil mark with respect to one of the exhibits, do not invalidate a proper vote for this candidate.

(j) *Exhibit 112* was improperly counted for candidate Devine. A cross-mark in the outside margin, parallel with the space where under the office of mayor the name of a person had been written in, is an identification mark which voids the whole ballot.

(k) *Exhibit 113* was properly counted for candidate Devine. The ink spots appear to have been accidentally made in the process of counting and canvassing. (*Matter of Slevin*, 179 App. Div. 618.)

In accordance with the above, therefore, candidate Osmann has gained two votes (Exhibits 17 and 102) and lost four votes (Exhibits 13, 32, 61 and 106), making a net loss of two votes. Candidate Devine has gained no votes, but has lost seven (Exhibits 5, 12, 35, 62, 81, 100, 112). The result will thus stand as follows:

| | Votes |
|---|---|
| Jacob W. Osmann | 952 |
| Peter J. Devine | 960 |

Submit order accordingly.