## (October 16, 1953.)

In the Matter of EDWARD J. McCANN, Appellant, against JAMES M. POWER et al., as Commissioners of Election and Constituting the Board of Elections of the City of New York, et al., Respondents.— Order affirmed, without costs. No opinion. Adel, Acting P. J., Wenzel and MacCrate, JJ., concur; Schmidt and Beldock, JJ., dissent and vote to reverse the order and to grant the petition to the extent of directing a complete recount and recanvass of all the ballots, particularly the blank and void ballots, in all the election districts within the First Municipal Court District in the Borough of Brooklyn, City of New York, — with the following memorandum: There is no dispute that in many districts the election inspectors failed to make proper tally sheets. It is likewise undisputed that in many districts the inspectors failed to report the number of void and blank ballots and stated there were none, whereas in some of such districts the learned Official Referee has found there were over thirty blank ballots and over twelve void ballots. It is likewise undisputed that in several of the districts the total of ballots recorded as cast was less than the total of ballots credited to this petitioner and to his opponent, plus the number of blank and void ballots. In our opinion, the errors, miscalculations and defects in the tally sheets of the election inspectors, particularly with respect to the blank and void ballots, are numerous and serious. Many of these errors appear on the face of the tally sheets. Others were revealed upon a physical examination of the ballots by the Official Referee. Indeed, it may be said that the irregularities pervade the entire count. These irregularities are accentuated by others which are also undisputed: (1) In one election district (the First Election District of the Tenth Assembly District), the ballot box, when produced before the Referee, was found by him to be locked and sealed but completely empty. There was no explanation for this anomaly; (2) in other election districts, a comparison of the figures shown on the tally sheets filed in the office of the board of elections

with the figures shown on the tally sheets filed in the office of the county clerk, shows many discrepancies between the two sets; (3) in one election district, where the vote recorded was 282 for the petitioner's opponent and 18 for the petitioner, the learned Referee found there is no possibility of reconciling the figures on the tally sheets filed by the election inspectors with the board of elections; (4) thirty votes were cast by voters who were not entitled to vote in the Democratic primaries because they had been enrolled in other political parties; and (5) some of the ballots were tallied by unauthorized persons. The Election Law (§ 210) specifically provides that where "the total number of votes tallied (including void and blank votes), does not exactly equal the number of ballots cast (including void and blank ballots), an error has been committed and a recanvass must be made immediately." The margin of votes in favor of petitioner's opponent was small; the irregularities in the count and in the tallies were many. "The *prima facie* showing of irregularities, whether innocent or not, require, in view of the closeness of the vote, a full exercise of the plenary power of the court under section 330 of the Election Law." (*Matter of Kelly* v. *Cohen,* 255 App. Div. 787.) It clearly appears "that the irregularities were such as to render it impossible to make a determination as to who was rightfully nominated." (*Matter of Devine* v. *Osmann,* 275 N. Y. 423, 425.)