### (October 18, 1957)

■ In the Matter of ROGER G. HUGHES, Appellant, against CLIFFORD J. HARRER et al., Respondents.— Appeal from an order of the Supreme Court, Special Term, entered in Otsego County, dismissing a petition to recanvass certain ballots cast in the primary election of September 10, 1957 in the City of Oneonta. Petitioner-appellant was a "write-in" candidate for the nomination of mayor in the Republican primary. Respondent's name was the only one appearing on the ballot for such nomination. The petition sought the recanvass of the void, blank and protested ballots and contained the usual prayer for other and further relief as well. In each election district, the ballots in question were placed in an envelope and sealed. Except as to one district, none of the ballots were, however, indorsed as counted void, counted blank or counted for one or another candidate, as is required by section 213 of the Election Law with respect to ballots to which objections have been taken, nor was any ballot indorsed as wholly blank or void, as that section requires with respect to ballots not objected

to but found by the inspectors to be blank or void. Thus, according to respondent's argument, an accurate recanvass could not be made as it could not be determined whether or not any ballot found valid upon a recanvass had already been counted for a candidate. A complicating factor was the failure of the inspectors in some districts to enter into spaces provided therefor upon the envelopes in which the 204 ballots in question were sealed, the total number of protested ballots, the total number of void and the total number wholly blank. Further, in no district did the inspectors' return of canvass show separately the blank, void and protested ballots as required by section 213 and, in fact, the form used did not provide a place therefor as indicated by sections 113 and 111. In this situation, the Special Term considered that it was without authority to direct a recanvass of the ballots which had not been indorsed as required by the statute as it had " no means of knowing the nature of the protest, nor the ruling made thereon by the inspectors ". Such information, however desirable, seems to us relatively unimportant and in no way necessary to a recanvass or to the court's rulings on disputed ballots. True, the absence of information as to the protested ballots could well have rendered impossible a proper and accurate recanvass limited to the 204 ballots sealed in envelopes as blank, void and protested but not thus segregated within the envelopes. The alternative was to direct a recanvass of all votes cast in the election and we consider that that relief might properly have been directed under the prayer of the petition, in accordance with the liberal practice obtaining in election cases. The Special Term may well have been misled by the assumption, in which all of the parties seem to have indulged and which was stated upon the argument, that the court's power to direct recanvass was limited to the 204 ballots heretofore discussed. (See Election Law, § 330, subd. 4.) We may not construe so narrowly the grant of plenary jurisdiction conferred by section 330 of the Election Law. Ample authority for a complete recanvass exists. (*Matter of McCann* v. *Power,* 306 N. Y. 578 [and see dissenting opinion in Appellate Division, 282 App. Div. 885]; *Matter of Devine* v. *Osmann,* 275 N. Y. 423; *Matter of Holley* [*Rittenberg*], 268 N. Y. 484.) It was held in the *Holley* case (*supra*) that the plenary power granted by section 330 in respect to the " nomination of any candidate " (subd. 2) is not limited by the subsequent specification in that subdivision 2 of particular action which may be taken in exercise of that power. By the same token, it may not be limited to a recanvass of " Protested, wholly blank or void ballots *shown upon the statement of the canvass* " (italics supplied) as provided in subdivision 4. It is alleged that 539 write-in votes were cast for " Roger Hughes " and 198 for " Roger G. Hughes ". With respect to this situation, the respondents Commissioners of Election contend that the votes in these groups may not be combined and credited to petitioner, or at least that the court is without authority, in a proceeding under the Election Law, to ascertain and effectuate the intent of the voters as respects the identity of the person voted for. We find the contention without merit. (See *Matter of Haskell* v. *Hannah,* 188 Misc. 589; Abrahams on New York Election Law, p. 243.) The Special Term may ascertain and effectuate the intent of the voters with respect to these ballots and with respect to other variations within the limit of the settled canons. Order reversed, without costs, and matter remitted to the Special Term for further proceedings. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.