judgment, and of course he could resist liability on the ground of fraud and collusion resulting in the affirmance. Here the plaintiff and defendant both resided in Colorado, and they first met there. At that time plaintiff knew that defendant was married. No fraud was committed against him. He wanted to marry her, and to authorize that it was necessary that she obtain a divorce. He understood that she obtained it. The divorce may be voidable; but it is not void for her fraud, nor could she avoid it on that ground. Her former husband, if living, may avoid it for her fraud; but he has not done so. If it should be duly annulled, the plaintiff may then be in a position to maintain an action to annul his marriage to the defendant; but he has no standing to avoid it for fraud because he is not injuriously affected by it, but, on the contrary, by virtue of it he got just what he then wanted. Ruger v. Heckel et al., 21 Hun, 489, affirmed 85 N. Y. 483; Kinnier v. Kinnier, 45 N. Y. 535, 6 Am. Rep. 132.

It follows, therefore, that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

---

(66 Misc. Rep. 535.)

### In re KIRK.

(Supreme Court, Special Term, Kings County. March, 1910.)

ELECTIONS (§ 126*)—ENROLLMENT OF VOTERS—MARKING BLANKS.

　　Under Election Law (Consol. Laws, c. 17) § 26, providing for the marking of an enrollment blank with a pencil having black lead, a voter may compel the board of election to place his party affiliation on the enrollment book, though he used a fountain pen.

　　[Ed. Note.—For other cases, see Elections, Dec. Dig. § 126.*]

Application of William A. Kirk for writ of mandamus to John T. Dooling and others, Commissioners of the Board of Elections of the City of New York. Writ granted.

Edward L. Collier, for petitioner.
James L. Bell (Asst. Corp. Counsel), for Board of Elections.

ASPINALL, J. This motion is brought to compel the board of elections of the city of New York to convene and place the party affiliation of the said William A. Kirk upon the enrollment book of the Twentieth election district of the Tenth assembly district of the borough of Brooklyn. It appears from the moving papers that the petitioner used a fountain pen, instead of a pencil having black lead, in marking a cross within the circle beneath the emblem of the party in which he desired to enroll, thereby failing to follow the directions of the statute in relation to this subject.

In my opinion the intent of the statute is to secure a statement of party affiliation for public use, as the statute directs the board of elections to publish for general use after election day the declaration of every citizen as to his party affiliation. In this respect it clearly differs from the provision of the statute relating to marking ballots. There the form used is to maintain absolute secrecy as to the manner

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in which the citizen voted, and directs the use of a pencil having black lead to maintain a uniformity of procedure, so as to prevent the marking of a ballot in any manner which might lead to its subsequent identification. It is therefore evident, and it has been so held in this court in numerous proceedings of a similar character in the past, without a written opinion, however, that the law relating to the use of a pencil having black lead on enrollment blanks is merely directory, and not mandatory; and where the board of elections is enabled by the marking to determine the intention of the citizen with reference to his party affiliation it should so record the intent of the citizen.

Motion granted.

---

### BRENDLIN v. BEERS.

(Supreme Court, Appellate Term. July 1, 1910.)

1. ASSAULT AND BATTERY (§ 27*)—EVIDENCE—ADMISSIBILITY.

   In an action against the owner of an apartment house for an assault by his janitor upon plaintiff, who went to the house to collect a bill from a tenant, it was improper to exclude evidence as to why plaintiff went there.

   [Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 37; Dec. Dig. § 27.*]

2. LANDLORD AND TENANT (§ 134*)—APARTMENT HOUSES—LANDLORD'S RIGHT TO ESTABLISH RULES.

   While the landlord of an apartment house may establish reasonable rules governing use of the entrance, stairways, and other parts of the premises under his control, to promote the comfort and safety of the tenants generally, the rules must not be arbitrary, or inconsistent with the use of the premises by the tenants or by persons who, through occupancy of particular tenants, or invitation by them, have a right to be thereon.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 482; Dec. Dig. § 134.*]

3. LANDLORD AND TENANT (§ 134*)—APARTMENT HOUSES—RIGHTS OF THIRD PERSONS.

   A requirement by a janitor of an apartment house that plaintiff communicate through the dumb-waiter with a tenant who had invited him there respecting payment of a bill was unreasonable, and properly disregarded.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 482; Dec. Dig. § 134.*]

Appeal from City Court of New York, Trial Term.

Action by Emil C. Brendlin against Lucius H. Beers. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Adolph & Henry Bloch, for appellant.

Henry De Forest Baldwin, for respondent.

GUY, J. This is an appeal by plaintiff from a judgment dismissing the complaint in an action for damages for assault and battery alleged to have been committed upon plaintiff by defendant's employé, the janitor of premises belonging to defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes