In the Matter of the Application of GAGE FLANAGAN for an Examination of Ballots Cast in Election Districts Nos. 1 and 2 of the Town of Smithville in the County of Chenango, under the Provisions of the Election Law.*

Supreme Court, Broome Trial and Special Term, Chenango County, December 27, 1935.

* Affd., 246 App. Div. 177.

296

*H. C. & V. D. Stratton* [*Hubert C. Stratton* of counsel], for Gage Flanagan, petitioner.

*James S. Flanagan* [*James W. Coleman* of counsel], for Harold Cowles, respondent.

McNAUGHT, J.   The petitioner and respondent were candidates for the office of supervisor of the town of Smithville in the county of Chenango at the town election held with the general election on the 5th day of November, 1935.

The returns of the votes cast in election district No. 1 set forth that the petitioner Flanagan received fifty-four votes, the respondent Cowles ninety-four votes, one wholly blank ballot, and two void ballots; in district No. 2, the petitioner Flanagan one hundred and sixty-four votes, the respondent Cowles one hundred and twenty-six votes, and eleven void ballots.

Within the time specified in the Election Law, the petitioner herein procured an order pursuant to the provisions of section 333 for an examination and inspection of the ballots cast for the office of supervisor of the town of Smithville, and also an inspection and examination of the ballots returned to the board of election commissioners of the county of Chenango from each election district in the town of Smithville as void, protested and blank.   Pursuant to the order an examination of the ballots was made by the petitioner and respondent and their respective counsel, at which time by agreement five ballots not returned as blank, protested or void,

were removed from the box containing the ballots voted from election district No. 1, and four ballots were similarly removed from the box of ballots voted in election district No. 2.

By stipulation and agreement the parties and their respective counsel appeared before this court on the 11th day of December, 1935, and presented to the court for a ruling thereon, twenty-three ballots in all, being the ballots returned to the board of election commissioners as protested, void or blank, together with the nine ballots taken from the boxes of voted ballots of the respective districts. The ballots so presented were all numbered and initialed by the election commissioners of the county of Chenango. There is no dispute as to thirteen of the ballots. It is conceded they were properly passed upon. Such ballots are Nos. 1, 2 and 3, returned as blank or void by the board of election inspectors of district No. 1. Likewise, ballots numbered 5, 7, 8, 9, 10 and 13, returned by the board of election inspectors of district No. 2 as void or blank as to supervisor Likewise, ballots marked Nos. 20, 21, 22 and 23, taken from the box of voted ballots at the time of the exam nation were conceded to have been properly counted. There is, therefore, presented for determination by the court, from elect on district No. 2, ballots Nos. 4, 6, 11, 12 and 14, returned as void by the board of election inspectors. Likewise, the court is asked to pass upon ballots Nos. 15, 16, 17, 18 and 19, taken from the ballot box of voted ballots from election district No. 1.

No difficulty arises in this proceeding because of failure of the inspectors to observe the provisions of the Election Law relative to the returning of ballots, as is frequently the case in such proceedings.

The parties have stipulated the court determine the validity of ballots Nos. 15, 16, 17, 18 and 19. Section 333 of the Election Law, providing for an exam nation and inspection of the ballots, does not confer upon the court any power or authority to pass upon such ballots as to their validity, or to direct a recount thereof, nor does it authorize the removal of any number of the ballots from the box for the purpose of having the court recount the same. (*People ex rel. Brown* v. *Freisch*, 215 N. Y. 356; *Matter of Medbury*, 234 App. Div. 26; *Matter of Oliver*, 234 id. 170; *People ex rel. Widmeyer* v. *Grunert*, 122 Misc. 1; *Matter of Gabelmann*, 136 id. 641.)

In *Matter of Medbury* (*supra*) the Appellate Division in this department, in a *per curiam* opinion in reference to section 333 of the Election Law, said: " This section does not justify a change in the original returns made by the inspectors of election on election night to reflect the result of a recount made at the time of the inspection of the ballots. Neither does it justify a recount of the ballots in the boxes for the purpose of a new and different return."

In *Matter of Oliver* (*supra*) HILL, J., speaking for a unanimous court, in a clear and luminous opinion analyzed sections 330 and 333, and said (at p. 174): " The power granted the courts to ' summarily determine ' concerning certain named subjects and the direction that the section should be ' construed liberally ' does not grant general equity powers to interpret the will of the voters, neither does it abrogate the ancient writ of quo warranto or repeal the statutes of procedure and availability to test the title to a public office." And further (at p. 175) in reference to the authority of the court in such a proceeding, said: " The court had no authority in this proceeding to determine that two of the unprotested ballots were void, or to require the boards of inspectors and canvassers to change their earlier returns except in respect of ' protested, wholly blank or void ballots shown upon the statement of the canvass in the election district.' (Election Law, § 330, subd. 4.) Authority as to such ballots existed only if they had been filed with the board of elections (Election Law, § 228), or, if erroneously returned to the ballot box with the unprotested ballots, if they were ' so marked or identifiable as to permit the inspectors to immediately select said ballots from those in the box.' (*People ex rel. Brown* v. *Freisch, supra.*) "

We, therefore, feel constrained to hold that the court is without power, and the parties cannot by consent vest it with jurisdiction to pass upon such ballots. We do not, however, deem it improper for the court to state that there is no indication, and the returns amply justify the conclusion, that ballot No. 17 was not counted for the respondent Cowles for the office of supervisor. It may not be improper for us to state, although it is purely *obiter*, that while ballot No. 18 manifests clearly the intent of the voter, it does not comply with the statute, in that it has no straight line crossing any other straight line at any angle, and properly should not have been counted for the petitioner.

This proceeding, as it is now pending, is an examination of ballots returned as blank, protested or void, for the purpose of having the validity of such ballots determined, and whether they were properly passed upon by the board of election inspectors, and rests upon the provisions of subdivision 4 of section 330 of the Election Law.

The five ballots, therefore, before the court for consideration are ballots returned by the board of election inspectors of election district No. 2 as void.

Ballot No. 4, in block 7 for the office of assessor, contains in the voting square opposite the name of the Democratic candidate Ralph Sharp, a portion of the cross ✕ mark which has been obliterated by pencil marks  In block 4 for supervisor, the ballot is marked properly before the name of petitioner.

Ballot No. 6, in blocks 5, 6, 7 and 8, contains a cross × mark after the names of candidates and no mark in voting squares. In block 4 the ballot is properly marked with a cross × mark before the name of petitioner in the voting square.

On ballot No. 11, in blocks 1 and 2, the names of a candidate for Member of Assembly in block 1, and for special county judge in block 2, have been marked out with a pencil, and in the same space the name of an individual written in each block. The ballot is properly marked in block 4 with a cross × mark in the voting square opposite the name of petitioner.

Ballot No. 12 is identical with ballot No. 11.

Ballot No. 14 is properly marked in all voting squares in each block, except that in addition in block No. 2 for the office of special county judge there is also a cross × mark following the name of Edward H. O'Connor, the Democratic candidate.

The sole question before us is whether these five ballots should have been counted, or were properly rejected as void. The determination of this question is governed by the provisions of section 219 of the Election Law prescribing the rules for counting ballots. The applicable portion of rule 1 reads as follows: " The whole ballot is void if the voter  *  *  *   (c) makes any erasure thereon or (d) makes any mark thereon other than a cross × mark in a voting square or circle, or other than the writing in of a name for the purpose of voting; except that an erasure or a mark other than a cross × mark made in a voting square shall not make the ballot void,  but shall render it blank as to the office, party position or question in connection with which it is made."

The present provisions of section 219 were enacted by chapter 588 of the Laws of 1922, which constituted a general revision of the Election Law. Generally speaking, section 219 was derived from section 358 of the former Election Law. By chapter 821 of the Laws of 1913 the Election Law (Consol. Laws, chap. 17) was amended generally and a new form of ballot, known as a modified Massachusetts form of ballot, was adopted. This necessitated some change in the rules relative to counting votes which had prevailed under the former system in use in this State. It was, therefore, provided by subdivision 5 of section 358: " Any mark other than a cross × mark or any erasure of any kind shall make the whole ballot void." The next revision of the Election Law was chapter 537 of the Laws of 1916, and the same provision in the same language is found in subdivision 5 of section 358. The law was again amended by chapter 323 of the Laws of 1918, when we find a distinct change in the rules relating to the preparation of ballots by voters and intent of voters. Subdivision 5 of section 358, it

was then provided, should read as follows: " Any mark other than a cross X mark or any erasure of any kind shall make the whole ballot void except that when such mark or erasure is made in a voting square it shall make the ballot blank only as to the office or question in which such mark or erasure occurs." The law was again amended by chapter 588 of the Laws of 1922, when the present language was adopted, and we find that rule 1 of section 219, providing rules to be applied for counting votes, provides as hereinbefore quoted.

Many authorities relative to erasures and marks outside voting squares may be found construing the statute as it existed prior to 1922, but they are not applicable to the present provision. Undoubtedly, under rule 5, governing counting of ballots prior to 1922, the five ballots before us for consideration would be rejected as void, but we find each of the ballots, Nos. 4, 6, 11, 12 and 14, clearly within the language of the exception as it now reads. (Election Law, § 219, rule 1; Laws of 1922, chap. 588.) They contain marks other than a cross X mark in certain blocks upon the ballot. They should not be counted for the office embraced within certain blocks upon the ballot, but as to block 4 there is no erasure and there is no mark other than a cross X mark made in the voting square. It seems to us that such ballots come clearly and unquestionably within the exception to rule 1 of section 219, that it was the very purpose of the enactment of the present provision and the change from the invalidation of the entire ballot to cover exactly the situation disclosed on the ballots before us in this proceeding.

We, therefore, decline, in view of the lack of power in the court, to determine the validity of ballots Nos. 15, 16, 17, 18 and 19, for the reasons hereinbefore expressed.

Under the authority of subdivision 4 of section 330 of the Election Law, we hold and find that ballots Nos. 4, 6, 11, 12 and 14, returned as void by the board of inspectors of election district No. 2, were properly cast, and should be counted for Gage Flanagan, the petitioner, and under the provisions of such section we direct a recanvass in accordance with the adjudication herein and the correction of any errors in the canvass of the results, and for such purpose direct such board to reconvene and make such recanvass and a return thereof in the manner provided by the Election Law, and the town board of canvassers to reconvene and recanvass the returns from each election district.

Ordered accordingly.