In the Matter of the Application of GAGE FLANAGAN for an Examination of Ballots Cast for the Office of Supervisor of the Town of Smithville, Chenango County, New York.*

HAROLD COWLES, Appellant; GAGE FLANAGAN, Respondent.

Third Department, January 20, 1936.

*James S. Flanagan* and *James W. Coleman*, for the appellant.

*H. C. Stratton*, for the respondent.

PER CURIAM. Appeal by Harold Cowles, Republican candidate for supervisor of the town of Smithville, Chenango county, from an order made at Special Term of the Supreme Court under the authority of section 330 of the Election Law, which directed the town inspectors of election and board of canvassers to recanvass and count five ballots as legal votes for his opponent Gage Flanagan, the Democratic candidate. The return made by the inspectors on election night indicated that Flanagan had received 218 votes and Cowles 220. There are five protested ballots, each marked for Flanagan but each marked irregularly in certain other particulars. One has an erasure entirely within the voting square opposite the

---

* Affg. 158 Misc. 295.

name of the candidate for assessor. Upon the argument it was conceded that it should be counted for Flanagan. On two of the ballots the name of the Republican candidate for Member of Assembly and the name of the Republican candidate for special county judge are obliterated by pencil marks and under the obliterated names and within the same blocked inclosure other names are written and there is a cross-mark in the voting square at the left; on another there is a cross-mark in the voting square at the left of the name of the candidate for special county judge, also a cross-mark within the blocked inclosure at the right of the name. On another there are cross-marks at the right of the names of the candidates for town clerk and justices (2) of the peace and assessors (2), in each instance the marks are within the blocked inclosure wherein the names of the candidates are printed.

Section 219 of the Election Law prescribes the rules for counting votes, and so far as applicable to this case provides: " the whole ballot is void if the voter * * * makes any erasure thereon or (d) makes any mark thereon other than a cross × mark in a voting square or circle, or other than the writing in of a name for the purpose of voting; except that an erasure or a mark other than a cross × mark made in a voting square shall not make the ballot void, but shall render it blank as to the office, party position or question in connection with which it is made." By transposing the clauses in the quoted portion of the statute and first considering the language that follows the word " except," the legislative intent seems clear. That a mark or erasure, outside the voting square, but in connection with the candidates for a single office and made within the blocked inclosure wherein appear the names of the candidates for the single office renders the ballot blank as to that one office, but does not make the entire ballot void. That a mark outside of a blocked inclosure and not connected with the name or names of the candidates for a single office makes the entire ballot void.

It was persuasively argued by respondent that by the statutory changes which brought about the elimination of the voting circle above the party column, except on the ballot for presidential electors (Laws of 1922, chap. 588), the official ballot became in effect a group of separate votes or ballots, one for each office to be filled, and that marks or erasures within a blocked area and in connection with the office to be voted for therein affect no other candidate or office appearing upon the official ballot.

The blocked portion of the ballot numbered 4 contains the names of the candidates for supervisor. Each of the irregular markings on the four remaining protested ballots is within a blocked area

other than number 4 and is made in connection with offices other than supervisor. These irregular marks do not render the ballot void or blank as to the office of supervisor. The four ballots should be counted for candidate Flanagan.

Because of the changes in the Election Law made by the amendment of 1922, cases earlier decided furnish little authority.

The order should be affirmed, without costs.

HILL, P. J., RHODES, MCNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Order affirmed, without costs.