## (October 26, 1938.)

In the Matter of the Application of FRED G. MORITT, Appellant, against S. HOWARD COHEN and Others, Constituting the Board of Elections of the City of New York, and the County Board of Canvassers of the County of Kings, and JOHN N. HARMON, County Clerk, Kings County, Respondents; LLOYD I. HERZKA, Rival Candidate, Respondent.

Order of the Special Term, entered October 22, 1938, disapproving the report of the official referee and declaring that at the primary election held on September 20, 1938, respondent, Lloyd I. Herzka, is the successful candidate in the Democratic party for the office of Member of Assembly for the seventeenth Assembly district in the county of Kings, reversed on the law and the facts; and it is declared that appellant, Fred G. Moritt, has received a total of 2,376 votes and respondent Herzka a total of 2,373 votes, resulting in the nomination of appellant, Fred G. Moritt, by a plurality of three votes. The board of elections of the city of New York, constituting the board of county canvassers of the county of Kings, are directed to place the name of Fred G. Moritt on the voting machines as the Democratic candidate for Member of Assembly in said Assembly district for the general election to be held on November 8, 1938.

This court, on a former appeal [*ante*, p. 787], directed a recount with respect of the primary election for nomination for Member of Assembly in the Democratic party in the seventeenth Assembly district, county of Kings. The matter was referred to an official referee to take proof and submit a report to the Special Term. In his report the official referee finds that candidate Moritt was elected by eight votes. The Special Term refused to confirm some of the findings of the official referee, with the result that it found candidate Herzka elected by five votes. This court has given consideration to the disputed items with the following determination:

(1) In the fourteenth election district twenty-seven voters were given ballots which they were permitted to deposit in the ballot box without having signed their names in the registry book at the time, as required by law (sections 202, 207, Election Law). The official referee held these votes void and twenty-seven ballots were blindly withdrawn, thus reducing the total number of ballots counted. There was proof that the persons who voted were otherwise entitled to vote. The Special Term held that the votes should be counted. In this respect the Special Term was correct. The failure of the voters to sign was an irregularity; the voters were not challenged and the oversight of the inspectors of election in not requiring them to sign should not be visited upon voters otherwise qualified. All concur, except Lazansky, P. J., and Adel, J., who dissent, being of opinion that the votes were void since a voter may not receive a ballot and be allowed to vote at the election unless he, at the time, signs the registry book (sections 202, 207, Election Law).

(2) Exhibits 120, 121, 122. These three ballots were found by the official referee in the envelope for " void and protested ballots." They were marked " cancelled." The returns of the inspectors of election, on file with the board of elections, show there were three spoiled ballots. The registry book of the election district shows that each of three voters received a second ballot.

The official referee allowed two of these three votes for candidate Herzka, one being blank. This was confirmed by Special Term. The finding is reversed. There is ample proof that these three ballots had actually been spoiled and the two should not have been counted. All concur.

(3) Exhibits 51 and 114. These two ballots were held void by the official referee as marked for identification. The Special Term found that they were valid. Determination of Special Term affirmed on the authority of *Matter of Flanagan* (158 Misc. 295; affd., 246 App. Div. 177). All concur.

(4) Exhibit 97. Held void by the official referee as marked for identification. Confirmed by Special Term. Determination of Special Term affirmed. All concur, except Carswell and Johnston, JJ., who dissent and vote to reverse and count the ballot for candidate Herzka on the ground that an examination of the ballot indicates intrinsically that the check thereon was not placed there by the voter, and for the further reason that proof, affirmatively establishing that the ballot did not have the check upon it at the time it was counted, was tendered and rejected.

(5) Exhibit 44. Held valid by official referee. Confirmed by Special Term. Action of Special Term affirmed on the ground that the blue pencil mark alongside of the words " State Committee (Male) (Vote for One) " within the voting block is a palpable inadvertence. All concur.

(6) Exhibit 84. Held by official referee as a valid ballot and not marked for identification. Confirmed by Special Term, which result is affirmed by this court. All concur.

(7) Exhibit 77. Held to be valid ballot by official referee and not marked for identification. Confirmed by Special Term, which result is affirmed by this court. All concur.

(8) Exhibit 113. Official referee found this ballot valid, not being marked for identification. This was confirmed by Special Term, whose determination is affirmed by this court. All concur.

(9) Exhibit 115. Held void by official referee, Special Term held the ballot valid, which determination is affirmed by this court. All concur.

(10) Exhibits 4, 7, 27, 36, 37, 38 and 105. Determination of Special Term affirmed. All concur.

(11) Exhibits 87, 67, 62, 58, 55, 45, 41 and 71 were conceded before this court to be void or blank ballots as found by Special Term. [See post, p. 808.]

(12) Exhibit 81. The official referee found this ballot valid. Special Term found the ballot invalid. Although the cross in front of candidate Moritt's name is light, the vote is plainly indicated. Determination of Special Term reversed and the vote counted for candidate Moritt. All concur.

(13) Exhibits 96, 75, 73, 64, 49, 47, 42, 34 and 12. These ballots were held blank by the official referee and that determination was confirmed by Special Term. It is here conceded the ruling should stand.

(14) Exhibit 11. This vote was held valid by the official referee. The Special Term held that it was blank. The mark in the voting square opposite the name of candidate Moritt, to the right of the voting cross, is an inadvertent mark. Determination of Special Term reversed and ballot held valid. All concur.

(15) Exhibit 28. Held a valid ballot by the official referee as not marked for identification, which holding was confirmed by Special Term. The slight lead pencil mark below the cross opposite the name of candidate Herzka is obviously inadvertent and was not a mark for identification. Determination of Special Term affirmed. All concur.

(16) Exhibit 86. This vote was counted blank by the official referee as obliterated. Special Term held it a vote for candidate Herzka. Determination of Special Term reversed. The vote should not be counted, because it appears to have been an obliteration by the voter and not an attempt to make his vote clear. All concur, except Hagarty and Johnston, JJ., who dissent and vote to affirm.

(17) Exhibit 127. Official referee held the ballot valid. Special Term held it invalid. Determination of Special Term affirmed. The mark in the voting square before the candidate's name was not a cross-mark. All concur.

(18) Exhibit 119. Held blank by the official referee. Special Term held the ballot valid. Determination of Special Term affirmed. All concur.

(19) Exhibit 107. Official referee held the ballot blank. Special Term held the ballot valid. Determination of Special Term reversed. The mark in the voting square before the candidate's name is not a cross-mark but a check. All concur.

(20) Exhibit 106. This was held to be a valid ballot by the official referee. The determination was confirmed by Special Term. Holding affirmed by this court. All concur.

(21) Exhibit 85. The ballot was held blank by the official referee. This was confirmed by Special Term. Determination affirmed. All concur.

(22) Exhibit 103. This was held to be a valid vote by the official referee. This was confirmed by Special Term. Determination affirmed. All concur.

(23) Exhibit 95. Held a valid ballot by the official referee. This was confirmed by Special Term, the determination of which is affirmed. All concur.

(24) Exhibit 83. Held blank by official referee and Special Term, which ruling is not contested.

(25) Exhibit 69. Held blank at Special Term. The correctness of this ruling is conceded.

(26) Exhibit 60. Official referee held the ballot valid. Special Term held it invalid and ruled that it was blank. On close examination of this ballot it is found not to be a check but that the lines slightly cross. The vote is valid. Determination of Special Term reversed. All concur.

(27) Exhibit 90. Official referee held that the ballot was blank and not valid. This was confirmed by Special Term. Determination is affirmed. All concur.

(28) Exhibits 117 and 118. It is conceded that the rulings that these ballots were invalid were correct.

(29) Exhibit 29. Ballot held valid by official referee. This was confirmed by Special Term. Determination affirmed by this court. All concur.

(30) Exhibit 128. This ballot was held void by official referee. The Special Term held it valid for Herzka. Determination of Special Term reversed and the vote held void. The words " Disregard Confused " to the right of the voting circle under the words " County Committee (Vote for six) " make it a ballot marked for identification. It is not an erasure or a mark other than a cross-mark made in a voting square (section 219, Election Law). All concur, except Carswell and Johnston, JJ., who dissent and vote to affirm on the authority of *Matter of Flanagan* (158 Misc. 295; affd., 246 App. Div. 177.)

(31) Exhibit 19. Official referee held the ballot valid. That holding was confirmed by Special Term. Determination of Special Term affirmed upon the ground that there is proof that the words " Void A. S." were written by an election inspector. All concur, except Hagarty and Adel, JJ., who dissent and vote to reverse on the authority of determination in Exhibit 128.

(32) Exhibit 78. Official referee and Special Term held this ballot invalid. Determination of Special Term affirmed. The stub had not been detached from this ballot and was, therefore, marked for identification. The ballot was invalid. All concur.

(33) Exhibit 123. Held void by official referee and confirmed by Special Term. Determination of Special Term affirmed. Here the stub had been detached from the ballot but was found within the folded ballot when the latter was opened. It was, therefore, marked for identification and is held invalid. All concur.

Lazansky, P. J., Hagarty and Adel, JJ., concur; Carswell, J., acquiesces in majority rulings on particular ballots where in one or two instances there was a division of opinion and concurs in result. Johnston, J., dissents, with the following memorandum: I dissent and vote to affirm the order of the Special Term in so far as it holds Herzka to be the duly elected nominee, being of the opinion that he was nominated by a plurality of one vote.—

The court understood that counsel conceded that Exhibit 41 was void and the above decision was made accordingly. Counsel for the respondent has since stated that he made no such concession and, therefore, the court has examined the exhibit and concludes it is a void ballot for the office of Member of Assembly because it contains an erasure in the voting space opposite the name of Moritt and also an obliteration of the voting mark opposite the name of Herzka. The official referee found the ballot void. This result was confirmed by the Special Term and this ruling is affirmed. All concur. [See *ante*, p. 806.]