In the Matter of George W. Bengert, Petitioner, against Board of Elections of the County of Chenango, Respondent.

County Court, Chenango County, August 24, 1955.

*Paul R. Dohl* for petitioner.

*Charles Gallagher, County Attorney,* for respondent.

BARNES, J. This is a proceeding to compel the election commissioners to enroll George W. Bengert as a member of the Republican party in the city of Norwich, etc. The procedure is not questioned and the proceeding is one of several somewhat similar problems involving similar questions before the election board. This is an actual case, although the attorneys have asked me to construe the law so that some fifty other cases of somewhat similar character can be classified under the ruling made in this case. To that extent it is a test case.

The section to be construed is section 173 of the Election Law which reads in part as follows: " The voter shall then enter a voting booth, and, the door thereof being closed, may make with a pencil having black lead a cross X mark, being one mark crossing any other mark at any angle, within the circle underneath the emblem of the party of his election. He shall thereupon fold the blank so as to conceal the face thereof, or, in a city in which the enrollment envelopes are required to be provided, he shall inclose such blank, without folding, in the enrollment envelope and seal the envelope."

My attention has been called to only two cases bearing upon this section. First, *Matter of Kirk* (66 Misc. 535). In that case, the voter used a pen with black ink instead of a pencil with black lead. There the court pointed out that this section differs from the provisions of the statute relating to marking ballots; pointing out that the fundamental reasons for obtaining absolute secrecy upon the ballot does not apply to the registration blank, because on the registration blank the voter's name and address is written or typed upon the blank itself, and holds that the law requiring the mark to be made by black lead is merely directory and not mandatory and where the board of election is enabled

by the marking to determine the intention of the citizen with reference to his party affiliation it should so record the intent of the citizen and enroll the voter. This case has never been appealed or cited as far as I am able to find and I personally approve of the reasoning in that case. To illustrate the logic of the reasoning more vividly, assume that someone wishing to disfranchise a voter should hang around the voting booth and, after the voter had voted, make an affidavit that when he marked his registration blank, the door of the booth was not closed and ask that he be disfranchised for that reason. Obviously, no court would hold that he should be disfranchised for such a reason. It is clearly the intent of the statute that the voter *may* go into the booth and close the door, if he wishes, in order to conceal from onlookers how he had enrolled for the next primary.

The other case referred to is *Matter of Hart* v. *Berger* (185 Misc. 682). There the problem was the fact that the ballot had not been marked with any color whatever; it was claimed that there was an impression of a cross but clearly no lead or ink or any coloring upon it. There the court said that while the provisions of the section are directory rather than mandatory, that the voter had not complied with the section and that he had not legally enrolled. I am unable to find where this case has been appealed or cited and I approve of the reasoning therein.

In the case before me there is a rather faint cross mark in the circle of the Republican column and also another cross mark with a heavier pencil, and being practically upon and over the fainter cross mark but showing distinctly that there were two distinct operations in making the crosses, but both within the proper circle. I believe that section 173 is the minimum requirements for a voter to follow substantially in order to enroll in either party, namely, that two lines must cross within the circle beneath the emblem of the party of his selection and that the safeguards of secrecy are optional with the voter; his name and address are on the top of each blank. This is in contrast to the requirements of a ballot where the identity of the voter is secret in every sense of the word. The form of the blank (§ 174) might very conceivably indicate to the voter that he should sign the blank at the bottom. If he had marked his blank properly and signed the ballot on some blank space at the bottom, I can see no reason for discarding the enrollment. I reach the conclusion, therefore, that if the voter has made an " x " mark, namely one line crossing another line within the circle, and has not in any way marked the other circles under the other party emblems, then that he has properly enrolled regardless of the neatness

of the cross mark or any other ordinary marks on the ballot which in no way detract from the plain and unmistakable intent of the voter to enroll under the party which he has chosen.

It should be pointed out that a check mark or " v " mark is not one line crossing another and should not be counted as such. It is only half of an " x " mark. (*Matter of Moritt* v. *Cohen*, 279 N. Y. 617.)

Upon this general rule it is obvious that the making of more than two lines within the circle does not in any way invalidate the enrollment blanks. Upon this conclusion, the board of elections should enroll the petitioner under the Republican party.

Submit order accordingly.