Marcus G. Christ, J.
This is an application pursuant to section 330 of the Election Law in which the petitioner seeks an order directing the correction of alleged errors in the returns filed by the respondent Board of Elections and Board of Canvassers for the primary election held in the 80th Election District, 4th Assembly District of the Town of Oyster Bay in the County of Nassau for the party position of member of the county committee of the Republican party.
*1070 The petitioner whose true name is William A. Bruno, Jr. and three others were candidates for the party position. At the primary election on September 10, 1957 the petitioner received votes as a write-in candidate. At the conclusion of the election the Board of Elections constituting the County Board of Canvassers reported the candidates and their respective votes as follows:
Vincent D’Angelo ................. 25
Fred J. Niebuhr................... 24
George W. Marthen................ 24
William A. Bruno, Jr.............. 24
William A. Bruno.................. 1
As appears from the above tabulation the Board of Elections have credited one vote to a person designated as ‘‘ William A. Bruno ” and have not credited that vote to the candidate William A. Bruno, Jr., the petitioner herein. The failure to credit this one vote to him is the error which the petitioner seeks to have the court correct.
It is conceded that there is no other person with the name of “ William A. Bruno, Jr.” or “ William A. Bruno ” residing in the 80th Election District or in the 4th Assembly District of the Town of Oyster Bay. Section 12 of the Election Law provides, in part, as follows: “ Each member of a county committee shall be an enrolled voter of the party residing in the assembly district from which or in the assembly district containing the election district in which such member is elected.” Thus, to be eligible for election as a committeeman in the 80th Election District a candidate would be required to be an enrolled voter of the Bepublican party residing in the 4th Assembly District of the Town of Oyster Bay.
On the facts presented there is no question as to the identity of the person whose name was written in as “ William A. Bruno ”. It was intended to be a vote for the candidate whose true name is William A. Bruno, Jr. (See Matter of Chapman v. Havens, 173 Misc. 959; Matter of Slater [Village of Afton], 180 Misc. 798, 799; Matter of Haskell v. Hannah, 188 Misc. 589, 591.) The one vote cast for William A. Bruno should have been counted for and credited to the petitioner, William A. Bruno, Jr.
Settle order on notice.