Felix J. Aulisi, J.
In this proceeding for the recanvass of the primary vote of the Liberal party for the office of Supervisor of the Eighth Ward in the city of Schenectady, the petitioner, James J. Madigan, Jr., who has been nominated for said office by the Democratic party and who was also designated by the Liberal party objects to counting two votes for his opponent, .Wanda Weatherwax, who is the nominee of the Republican party for said office and whose name has been written on some of the Liberal party ballots.
The reason for the objection is that the name of Wanda Weatherwax on the two ballots marked Exhibits Nos. 2 and 4 is written in ink instead of pencil and therefore said ballots are invalid and void. These ballots were counted for Mrs. Weather-wax by the board of inspectors and if their action is confirmed would give her the nomination on the Liberal party ticket by a 6 to 5 vote. It is contended by the respondent Weatherwax, that said two ballots clearly indicate the intention of the voter and should not be declared void solely because her name was written in ink.
The pertinent part of section 202 of the Election Law of the State of New York reads as follows: “ 1. On receiving his ballot, the voter forthwith and without leaving the inclosed space shall retire alone, unless he be entitled to assistance in voting, to one of the voting booths and mark his ballot for voting, using only a pencil having black lead ” (italics supplied).
Historically the use of a lead pencil in paper balloting stems from the days before the extensive use of the fountain pen or the ballpoint pen, and the exclusive use of the black lead would seem inconsistent with the progress of the times. Certainly, one *1001 would say that where the voter has indicated clearly and unequivocally the selection of his choice of a candidate for public office, that selection should not be disturbed, and one can well understand the position taken by Mrs. Weatherwax. The function of the court, however, is not to rewrite the law or to infringe upon the legislative branch of the Government. It is the function of the court to interpret where doubt exists or where the statute is susceptible of different meanings. The quoted portion of section 202 is clear and unequivocal and I have no choice but to follow its implicit language.
Harsh as this decision may appear to the respondent Weather-wax, I must sustain the petitioner’s objection and declare the two ballots, Exhibits Nos. 2 and 4, invalid and void. Whatever relief, if any, may be had in the future must come from the Legislature.
In conclusion, I therefore, hold and decide that Exhibits Nos. 2 and 4 should not be counted for Mrs. Weatherwax and that the nominee of the Liberal party for Supervisor of the Eighth Ward of the City of Schenectady is James J. Madigan, Jr., by a vote of 5 to 4.
An order may be submitted accordingly.