Donald S. Taylor, J.
This is an application pursuant to sections 330 and 333 of the Election Law in which the petitioners, Mintz, as an aggrieved candidate and Chonin, as chairman of the Liberal party of the County of Sullivan, seek an order directing the correction of alleged errors in the returns filed by the respondent Board of Elections and Board of Canvassers for the *843 primary election of the Liberal party held in the County of Sullivan for the office of Member of Assembly. An application which seeks similar relief is made by the petitioner Oppenheim. On the consent of the parties the proceedings were consolidated. A hearing was held at which comm on -law proof was presented.
Petitioner Mintz was the regular candidate of the Liberal party for Member of Assembly and his name was printed on the primary ballot. Petitioner Oppenheim whose true name is Stephen L. Oppenheim was a write-in candidate for the same office.
The respondent Board of Elections constituting the County Board of Canvassers reported the candidates and their respective votes as follows:
Hyman E. Mintz 18 votes Stephen L. Oppenheim 16 votes Stephen H. Oppenheim 1 vote Stephen Oppenheimer 2 votes Stephen Oppenheim 3 votes Blank 6 Void 1
Total 47.
The applications are disposed of as follows:
Town of Fallsburgh, First Election District: The Board of Elections credited one vote to a person designated as Stephen H. Oppenheim. This was error. The record supports the contention that the vote was intended for Stephen L. Oppenheim and should have been so counted. (Matter of Hughes v. Harrer, 4 A D 2d 888; Matter of Bruno v. Meisser, 7 Misc 2d 1069; Matter of Haskell v. Hannah, 188 Misc. 589; Abrahams on New York Election Law, pp. 223-225, 236, 243.)
Town of Forestburgh, First Election District: The ballot credited to Stephen L. Oppenheim is not invalidated because his written name is preceded by a cross X mark. (Election Law, § 212, rule 9.)
Town of Freemont, Second Election District: The two ballots cast here were credited to Stephen Oppeinheimer. The name written on each is Stephen Oppenheim. One of the ballots is void since the proof shows that the name was not written by the voter and that there was no compliance with the assistance provisions of section 199 of the Election Law. The ballot of her husband is valid for Oppenheim. (Matter of Hughes v. Harrer, supra; Matter of Bruno v. Meisser, supra; Matter of Haskell v. Hannah, supra; Abraham on New York Election Law, supra.)
*844 Town of Liberty, Fifth Election District: The vote recorded as a blank ballot should have been counted for Oppenheim. It is complete and regular on its face.
Town of Mamakating, First Election District: Two ballots have been recorded for Stephen L. Oppenheim. One is challenged on the ground that only the surname “ Oppenheim ” was written in by the voter. It appears that Stephen L. Oppenheim had been designated as the candidate of the Democratic party for the office of Member of Assembly for Sullivan County and that such fact had been publicized therein. This, together with the stipulation of the parties to the effect that he, his wife [Joanne], and Ms father [Morris] and mother [Henrietta] are the sole persons with that surname registered as voters in that county, clearly establishes the identity of the person for whom the voter intended to cast his ballot. (Matter of Bennett v. Board of Elections of County of Onondaga, 10 Misc 2d 804.) The other is challenged on the basis that the last three letters of the name “Oppenheim” extend beyond the confines of the ballot’s write-in enclosure. In my judgment there was substantial compliance with rule 3 of section 212 of the Election Law and the carry over was not a mark intended to distingmsh the ballot or to identify the voter and thus vitiate the ballot. It follows that these ballots were properly credited.
Town of Mamakating, Second Election District: It was error to record the two ballots which were cast here as blank ballots. It is obvious that one should be credited to Mintz and the other to Oppenheim.
Town of Thompson, Fourth Election District: Three ballots recorded for Oppenheim are challenged. The cross X mark wMch precedes the written name “ Stephen L. Oppenheim ” on one ballot does not vitiate it for the reasons above stated. A check mark appears in the voting space to the left of the written name on two of the ballots. They are thus rendered blank and were improperly credited to Oppenheim. (Election Law, § 212, rule 1; Matter of Devine v. Osmann, 164 Misc. 665, mod. 252 App. Div. 787, affd. 275 N. Y. 639.)
Town of Thompson, Fifth Election District: Four of the eight ballots are challenged. On the facts presented there can be no question as to the identity of the person whose name was written in on two of them as “ Stephen Oppenheim ” and “ L. Oppenheim”. That which contained the name “ Stephen L. Oppenheim ” is not vitiated by a preceding cross X mark. (Rule 9, supra.) It is more reasonable to think that the voter who cast the remaining ballot wMch is challenged, and who obviously used too much of the space provided to write the given name *845 “ Stephen ” and the initial “ L ” of the candidate and then hyphenated the name “ Oppenheim ” and superimposed its first two syllables on its last in the voting space which remained, intended to cast his ballot for ‘ Stephen L. Oppenheim ’ ’ and not for a person named Stephen L. “Heimoppen ”. These ballots were properly counted. (Matter of Hughes v. Harrer, supra.)
Town of Thompson, Sixth Election District: The two ballots cast were credited to Stephen Oppenheim although the name appearing on one of them is Stephen L. Oppenheim. As to this one the claim is made that there is an identification mark in the blocked enclosure adjacent to the printed name “Hyman E. Mintz ”. It is so slight as to be barely discernible. This mark and seven similar ones which appear thereon were apparently made with a ball point pen whereas the voter used a pencil to write in the name of the candidate and otherwise to record his vote. Under the rule which requires the issue to be determined with liberality in favor of the voter, the inference is fair that.it was produced by the handling of the ballot and was not made by the voter. It should be credited to Oppenheim. (Abrahams on New York Election Law, p. 236.) The other ballot questioned was also credited to Stephen Oppenheim. The written-in name is “Storen L. Oppenheim ”. On the basis of the proof this voter’s intent to cast his ballot for “ Stephen L. Oppenheim ” I think is manifest. It should be so counted.
Town of Tusten, First Election District: The vote which was recorded as blank is valid and should be counted for Oppenheim.
The result will thus stand as follows:
Stephen L. Oppenheim 22 Hyman E. Mintz 19 Void or blank 6
With these conclusions it must follow that the plurality of the votes cast for the office of Member of Assembly from Sullivan County in the official primary of the Liberal party were cast for Stephen L. Oppenheim and he should be so certified by the respondent Board of Elections.
As a candidate aggrieved, the petitioner Oppenheim has standing to institute the proceeding without complying with the requirements of section 145 of the Election Law. (Election Law, § 330; Matter of Vona v. Cohen, 150 Misc. 649, affid. 240 App. Div. 827, affd. 262 N. Y. 706; Matter of O’Connor [Babcock], 180 Misc. 630; Matter of Hughes v. Harrer, supra.)
Motions inconsistent with the above upon which rulings were reserved are denied with appropriate exceptions.
*846 Submit order which will also provide for the vacatur of the interim stays contained in the orders to show cause.
The papers in this proceeding, including the exhibits of the parties, will be forwarded with the signed order and the records of the Board of Elections which have been produced will be delivered to an appropriate representative thereof at my chambers in Troy.