John J. Walsh, J.
The Hon. Gordon P. Jeffery was the candidate of the Citizen’s party for re-election to the office of Police Justice in the village election of March 15,1960. As such candidate, his name appeared on the ballot as the only candidate for such office. Printed on the same ballot were the names of two candidates of the Citizen’s party and two candidates of the Community party for the office of Trustee, of which two were to be chosen.
The report of the Election Inspectors purports to show that upon the canvass of the ballots, the petitioner Gordon Jeffery received 46 votes for the office of Police Justice and that there were 52 votes written on the ballot for Howard W. Chappell. The report was objected to by petitioner and there is no evidence that the report was signed by the inspectors of election.
*709 This application was brought on before Hon. Donald P. Gorman in the Supreme Court, Oneida County by an order to show cause. On the return date, all parties stipulated that the matter be transferred to the Oneida County Judge pursuant to section 53-a of the Village Law to hear, try and determine all questions of law and fact which might arise thereunder.
A hearing was duly held by the undersigned on March 28, 1960 at which time the bollots in said election were recanvassed. Examination thereof disclosed that a total of 104 ballots were cast in said election.
The return of the inspectors showed the following disposition:

On the hearing it was stipulated that 28 ballots were validly cast for Gordon Jeffery; 8 ballots were validly counted for Howard W. Chappell and that 4 ballots were blank for the office of Police Justice. These ballots were marked collectively Exhibit A.
Exhibit B consisted of 13 ballots cast for Jeffery which were conceded to be validly cast although some of these ballots were void or blank for the office of Trustee.
Exhibit C consisted of 16 ballots which the court ruled to be validly counted for Chappell. Petitioner objects on the ground that the name of Howard W. Campbell extends beneath the write-in enclosure.
The fact that the name written in extended beyond the lines of the ballot’s write-in enclosure does not vitiate the ballot on any theory that the carry over was a mark intended to distinguish the ballot or to identify the voter. (Matter of Chonin v. Millspaugh, 13 Misc 2d 841 [1958].)
Exhibit D consisted of 12 ballots which the court ruled to be valid ballots for Howard W. Chappel, although the name was printed instead of written in script.
Petitioner contends that the rules for counting votes (Election Law, § 212, rule 3) provides that a write-in vote may not be printed by the voter but written.
Pule 3 reads as follows: “ A vote shall be counted for a person, for an office or party position, if his name is written by *710 the voter upon the ballot in the proper space provided therefor and is not printed under the title of such office or position.”
Section 56 of the General Construction Law defines “ written ” as follows: “The terms writing and written include every legible representation of letters upon a material substance, except when applied to the signature of an instrument.”
The effect of rule 3 is not to void a printed name but to void a ballot where a voter attempts to write in the name of a candidate whose name already appears printed thereon. (People ex rel. Feeny v. Board of Canvassers, 156 N. Y. 36 [1898]; Matter of Greene, 272 App. Div. 1017, affd. 297 N. Y. 651; Matter of Spenncke [Breen], N. Y. L. J., Oct. 6, 1953, p. 662, col. 1.)
Exhibit E consists of three ballots in which the name of Howard Chappell was inserted (two written and one printed) and in addition, the name of Gordon Jeffery was stricken out by drawing a line through his name. These three ballots were held by the court to be void on the authority of Matter of Devine v. Osmann (164 Misc. 665, mod. 252 App. Div. 787, affd. 275 N. Y. 639).
Exhibit F consisted of a ballot on which appeared printed the name “ Herbert Chappel”. The election inspectors ruled that this ballot was cast for “Herbert Chappel ” and not for “Howard Chappell”. The court affirms this ruling on the authority of (Matter of Sweeney, 158 App. Div. 496 [“ Harry ” Borst not a valid vote for “ Henry ” Borst]; Matter of Mischler v. Droninski, 203 Misc. 15 [“ John ” Fahy not a valid vote for “ Harold ” Fahy]).
Exhibit H consists of a ballot on which appears printed the name of “Howard Chappell”. This ballot is objected to because there appears to be a faint mark which looks like an “ x ” and a faint red line (both in the voting space for the office of Trustee), neither of which is in the voting space of the Police Justice.
The court holds that a mark or erasure, outside the voting square, but in connection with the candidates of a single office renders the ballot blank as to that one office, but does not make the entire ballot void. (Matter of Flanagan, 246 App. Div. 177.) Accordingly, this is a valid ballot for Chappell.
Exhibit I consists of a ballot upon which appears the name “ Howard Chappell ” with the name “ Howard ” written over after it had apparently been written “ H. L, Chappell ” or “ Harold Chappell ”. This is, in my opinion, a valid ballot for Chappell since it is apparent that the voter corrected the signature before casting his vote for the purpose, of making sure that his vote would be counted.
*711 Where a voter makes an error in the manner of voting but corrects it, and in so doing clearly manifests his intention to vote for a certain candidate, the vote is valid. (Cf. Matter of Smith v. Fiorito, 198 Misc. 518; Matter of Devine v. Osmann, 164 Misc. 665, mod. 252 App. Div. 787, supra, affd. 275 N. Y. 639 [check mark corrected to an x mark].)
Exhibit J consists of a ballot on which appears the name “ IT. Chappelle ”. This should be counted for lloward Chappell since this is the clear intent of the voter. (See Matter of Haskell v. Hannah, 188 Misc. 589 [L. Haskell counted for Clarence L. Haskell]; Matter of Bennett v. Board of Elections, 10 Misc 2d 804 [C. Bennet counted for Clair Bennett].)
Exhibit K in the opinion of the court cannot be counted for Howard Chappell for the reason that only the name “ Chappell ” appears thereon. There is no identification of what Chappell is intended. (Matter of Garvin, 168 App. Div. 218; Matter of Slater [Village of Afton], 180 Misc. 798; Matter of City of New Rochelle [Fasso], N. Y. L. J., Sept. 21, 1951, p. 586, col. 1., Westchester County Sup. Court.)
Matter of Bennett (10 Misc 2d 804, supra) is distinguishable on the facts because Bennett was there the incumbent official Matter of Chonin v. Millspaugh (13 Misc 2d 841, supra) is likewise distinguishable because the write-in candidate was an active candidate and had been designated by another political party._
Exhibit L in the opinion of the court cannot be counted because of two reasons. The name is written “ Mr. Chappell” which is an insufficient identification and for the further reason that an additional straight line appears to the left of the name which might reasonably be termed a mark of identification of the ballot.
Exhibits M, N, O and P are valid votes for Howard Chappell although written or printed as follows:
M — “ Howard Chaple ”
N — “ Howard W. Chappie ”
O — “ Howard Chapell ”
P — “ Howard Chappie ”
(See Matter of Bennett, 10 Misc 2d 804 [Bennet, Benett, Bentt].)
Exhibits Q, R and S are valid votes for Howard Chappel although the final “1” of Chappell is missing. Exhibit Q is not void because the voter marked an x in the blanked out portion of the write-in enclosure to the left of the name “ Howard Chappel”. While this was formerly a void ballot, section 212 of the Election Law was amended in 1954 to add a rule 9: “Notwithstanding any provision of this section or of this *712 chapter to the contrary, a vote for any person for any office at a primary election whose name is written and not printed on the ballot shall not be deemed void or invalid because the written name is preceded by a cross X mark.”
Although the Legislature used the word “ primary ” election in the rule, it is equally logical to count such ballot in a general or village election and I so hold.
Exhibit T is a void ballot and cannot be counted for Jeffery because the vote consists of a check mark and not an x mark. Under section 212 of the Election Law the whole ballot is void if the voter “ (d) makes any mark thereon other than a cross X mark in a voting square or circle.” “ A cross X mark is any straight line crossing any other straight line at any angle.” (Election Law, § 212, rule 1.)
A check mark renders such ballot blank. (Chonin v. Millspaugh, 13 Misc 2d 841, supra.)
Exhibit U is a ballot validly marked for Jeffery but apparently the voter placed an extra mark in the blank space. Candidate Chappell contends that this is a “ 7 ” and therefore an identifiable ballot and void. The more logical view is that it is instead the first stroke of the letter “ H ” and the voter abandoned his attempt to write-in a name. Since the intention of the voter is evident, I rule that it is a valid ballot for Jeffery.
Exhibit V consists of four ballots which were held valid for Jeffery on the hearing for the reason that they were the result of normal imperfections in marking the ballots. {People ex rel. Colne v. Smith, 188 App. Div. 834.)
There remains Exhibit Gr which consists of a write-in ballot upon which appears the name “ Pat Chappell.” The validity or invalidity of this ballot will determine the outcome of the election. It is claimed that this should be counted for Howard Chappell inasmuch as “ Pat ” is the respondent’s nickname and the name by which he is known to many friends in the Village of Clinton and the Town of Kirkland, of which he is a Justice of the Peace.
Although there is strong indication that he is so known and petitioner concedes that he has called Chappell by that name himself, counsel have not cited nor does independent research disclose any reported opinion in which the courts have gone so far as to permit such a ballot to be counted as a valid ballot for a person so known by such a “ nickname
A name is the designation by which one is distinctively known in the community. (Matter of Cohen, 142 Misc. 852.) The first or Christian name of a party is an essential part of his name. (Gottlieb v. Alton Grain Co., 87 App. Div. 380.) While an *713 abbreviation of the first name is evidence of the intent of the voter which must be ascertained from the ballot itself, the word “ Pat ” is not an abbreviation of the word “ Howard ”.
See People ex rel. Kathan v. Board of Canvassers (75 App. Div. 110) in which the court held that “Nat.” Locke is not an abbreviation for James N. Locke.
Exhibit G is, therefore, a valid vote for “ Pat ” Chappell, but may not be counted for Howard Chappell.
In view of these findings, it is the conclusion of the court that the results of the recanvass of the ballots east show the
following:

I hereby determine and declare that the said election has resulted in a tie vote, and that a vacancy exists in the office of Police Justice of the Village of Clinton, New York. (Village Law, §50.)