Guy A. Graves, J.
In this proceeding, petitioner seeks to be certified as the duly elected candidate for the office of Town Justice of the Town of Arietta on the grounds that after an examination of the ballots by petitioner, it is apparent the Board of Canvassers of Hamilton County erred in its recanvass with respect to two absentee ballots and that under the law petitioner should have been declared the winner by one vote.
Exhibit 2 is an absentee ballot, apparently valid in all respects except that the vote is marked in red ink. The board accepted this ballot and counted a vote for respondent.
Section 120 of the Election Law, dealing with absentee ballots so far as pertinent, provides: “ instructions 1. Mark in pen having blue or black ink or a pencil having black lead ’ ’.
Section 202 of the Election Law headed “ Manner of voting ” so far as relevant to immediate case, also provides in subdivision 1 that “ the voter * * * shall * * * mark his ballot for voting, using a pen having blue or black ink or a pencil having black lead.”
On the face of it, the use of red ink on the ballot is in violation of the above sections of the Election Law. A question thereupon arises whether the irregularity is sufficient to void the ballot.
The intent of the voter is clear. The court recognizes the basic importance of a voter’s right to exercise his franchise and that every effort should be made to enable him to express this most basic privilege of citizenship. There appear to be no decisions directly in point. However, the courts in reviewing comparable situations have generally enforced the express requirements of the law. It has been generally held that marking of a ballot in the manner other than that prescribed by section 120 or similar sections pertaining to paper ballots invalidates the ballot. (See Matter of Russo v. Cohen, 260 App. Div. 390; People ex rel. Colne v. Smith, 188 App. Div. 834; *778 Matter of Madigan v. Haley, 7 Misc 2d 1000; Matter of Bengert v. Board of Elections of County of Chenango, 208 Misc. 619; Matter of Kirk, 66 Misc. 535.)
Under subdivision 1 of section 202 of the Election Law, prior to the 1959 amendment which provided that a voter should mark his ballot with a pencil having black lead, ballots on which the name of the candidate have been written in ink rather than in pencil were held invalid (Madigan v. Haley, supra).
Prior to that date, in Matter of Kirk (supra), a ballot marked with a pen instead of pencil was also deemed void. The use of a blue pencil in marking a ballot invalidated that ballot in Matter of Russo v. Cohen (260 App. Div. 390).
Harsh as this position may appear to be, the basis for it was clearly expressed by Justice Felix J. Aulisi in Madigan v. Haley (7 Misc 2d 1000,1000-1001 supra), where he said: “ Historically the use of a lead pencil in paper balloting stems from the days before the extensive use of the fountain pen or the ballpoint pen, and the exclusive use of the black lead would seem inconsistent with the progress of the times. Certainly, one would say that where the voter has indicated clearly and unequivocally the selection of his choice of a candidate for public office, that selection should not be disturbed, and one can well understand the position taken by Mrs. Weatherwax. The function of the court, however, is not to rewrite the law or to infringe upon the legislative branch of the Government. It is the function of the court to interpret where doubt exists or where the statute is susceptible of different meanings. The quoted portion of section 202 is clear and unequivocal and I have no choice but to follow its implicit language. ’ ’
The use of red ink raises an additional point which has been stressed in many cases dealing with the marking of ballots in ways not prescribed by statute. The secrecy of one’s vote is a right that has been zealously protected by courts and it is fundamental that no ballot should be marked in such a way as to make it possible for the identity of the voter to be known. (See, in particular, People ex rel. Nichols v. Board of County Canvassers of Onondaga County, 129 N. Y. 395; also People ex rel. Colne v. Smith, 188 App. Div. 834, supra.)
The court notes with interest that the instructions on the official absentee ballot used in the present case in Item 1 “ How to Vote ”, read as follows: “ 1. Mark in pen, pencil, or both. (Blue or black only for civilian absentee ballots).”
Thus, it can be said that the voter is amply warned of the requirements. It is the court’s opinion that this instruction *779 is erroneous in the sense that it implies that a blue pencil could be used in spite of the clear wording of section 120 of the Election Law. The Boards of Elections responsible for the printing of the ballots should take appropriate notice. However, the fact that the Board of Elections may be in error with regard to these instructions, so far as the use of blue pencil is concerned; does not overcome the necessity for invalidating the use of a red pencil or red ink. Two wrongs should not result in a right.
In the absence of legislative correction, the court indorses Justice Aulisi’s view as expressed above. Accordingly, the court holds that the Board of Canvassers erred in counting the vote in this ballot for respondent and the ballot in toto should be invalidated.
Exhibit 1 is a ballot, properly marked with the sole exception that voting square 6A, for candidate Richard J. Bartlett, is circled and the word “ omit ” is written just above and in close proximity to the box and within the blocked enclosure for all five candidates to the office of Justice of the Supreme Court. The Board of Canvassers has declared this ballot void entirely, Petitioner argues that the clear intent of the voter was to correct an inadvertent vote by omitting it and that the vote for petitioner and other candidates should not be invalidated.
The provisions of section 212 of the Election Law are clear and unambiguous and provide explicit rules regulating where and how ballots shall be marked. In part, rule 1 thereof states: “ The whole ballot is void if the voter * * * (c) makes any erasure thereon or (d) makes any mark thereon other than a cross X mark or a check V mark in a voting square or circle, or other than the writing in of a name for the purpose of voting ”.
The absentee voter’s ballot instructions are also clear and, inter alia, provide (rule 5 of “ How to Vote ”) that “ if you tear, or deface, or wrongly mark this ballot, return it and obtain another.” Rule 5 (in capitals) under the heading “ How to Return Military Ballot ” also states: “ Make No Other Mark or Writing Whatsoever Upon the Ballot.”
On the face of it, this ballot does not conform to statutory requirements. A voter must show his intent in the manner required by statute (Matter of Winchester, 123 Misc. 191). However, there appear to be numerous interpretations of this principle. The tendency is to not invalidate a ballot simply because the elector is infirm, or has poor eyesight or untrained in the use of pen or pencil (see Matter of Winchester, supra).
In citing Matter of Jeffery v. Trustees of Vil. of Clinton (23 Misc 2d 707), the editors of New York Jurisprudence (vol. 18, *780 Elections, § 401) stated that “ where a voter makes an error in the manner of voting but corrects it, and in so doing clearly manifests his intention to vote for a certain candidate, without making a distinguishing marie, the vote is valid ” (emphasis supplied).
Liberal as are the decisions cited supporting this statement, the fact remains that the condition of the ballot and type of the marking thereon are significant and the requirements of the statute still control in determining a ballot’s validity. Irregular marks and erasures inside as well as outside the voting squares often may be held not to invalidate the ballot. In Matter of Devine v. Osmann (164 Misc. 665, 252 App. Div. 787, affd. 275 N. Y. 639), it was held inter alia that crossing out of one candidate’s name did not invalidate a properly marked vote for a candidate for a different office appearing elsewhere on the ballot. Similarly, ballots properly marked for a candidate for one office should be counted, despite irregularc cross marks after the names of candidates for other offices (Matter of Flanagan, 158 Misc. 295, affd. 246 App. Div. 177). On the other hand, for example, a ballot which had a large check mark at the top outside the voting squares was held void (Matter of Moritt v. Cohen, 279 N. Y. 617).
The sense of these cases and other authorities is that trifling marks, smudges, erasures or obliterations should not invalidate a ballot, particularly where inadvertence is obvious.
In the present case, if the irregular markings are merely trifling and do not amount to a distinguishing mark, the ballot might be considered valid. Unfortunately, in the court’s view, the markings as described in Exhibit 2 are such that the voter’s failure to follow the instructions can no more be excused than was the case in Exhibit 1.
The circling and writing of word “ omit ” can neither be . described as trifling nor an undistinguishable mark.
Accordingly, under section 212 of the Election Law, the Board of Canvassers properly invalidated the whole ballot. Therefore, a vote cannot be counted for petitioner.
Having sustained the Board of Canvasser’s treatment of the ballot in Exhibit 1 and overturning their decision on the ballot in Exhibit 2, it is the court’s conclusion that the results of the jgecanvass show the following vote: Ernest G-. Lorenzen, 149; Edwin Thomas Lynt, 148.
Accordingly, petitioner Ernest G-. Lorenzen should be certified as duly elected Town Justice of the Town of Arietta.